IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LARGE AUDIENCE DISPLAY SYSTEMS LLC, | |
| Plaintiff, | |
| vs. | Civil Action No. 2:09-CV-00356 |
| TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., BRITNEY SPEARS and PUSSYCAT DOLLS, LLC, | JURY TRIAL DEMANDED |
| Defendants. _____/ | |

**PLAINTIFF'S AMENDED MOTION TO STRIKE**
**(AMENDED CERTIFICATE OF CONFERENCE)**

TO THE HONORABLE T. JOHN WARD:

Plaintiff LARGE AUDIENCE DISPLAY SYSTEMS LLC ("Plaintiff") files this *Amended Motion to Strike* certain allegations in each defendants' answers filed with the Court, and would respectfully show the Court the following:

**I.     Allegations That Should Be Struck**

Defendant Los Angeles Lakers' Thirteenth Affirmative Defense within its *Answer to Complaint* alleges that: "Upon information and belief, Defendant states that Plaintiff is barred in whole or in part from recovering damages because the patent is unenforceable." *See* **Exhibit A**, p. 9.

Defendants Tennman Productions, LLC's, Justin Timberlake's, Britney Touring, Inc.'s, and Britney Spears' Fourth Affirmative Defense within their *Answer* likewise alleges that: "The '346 patent is invalid and unenforceable because it does not comply with the statutory requirements of patentability and enforceability enumerated in, *inter alia*, 35 U.S.C. §§ 102, 103, and 112." *See* **Exhibit B**, p. 7. These defendants additionally seek judgment against Plaintiff "declaring U.S. Patent No. 6,669,346 is invalid, unenforceable, and not infringed by Defendants…." *See* **Exhibit B**, p.8.

As the Court is undoubtedly aware, a patent is deemed "unenforceable" due to alleged inequitable conduct. *See* Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc., 976 F.2d 1559, 1569 (Fed. Cir. 1992). As will be demonstrated below, each Defendant has failed to plead the necessary facts to assert inequitable conduct under the Federal Rules.[1]

## II.   Reason to Strike the Foregoing Allegations

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b).

The Federal Circuit has clearly defined what pleading requirements are necessary for any allegation that a patent is unenforceable for reasons of inequitable conduct. In the case of Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009), the Federal Circuit noted that " 'inequitable conduct, while a broader concept than fraud, must be pled with particularity' under Rule 9(b)." Id. *quoting* Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003).

Specifically, the Federal Circuit held "that in pleading inequitable conduct in patent cases, Rule 9(b) required identification of the specific who, what, when, where, and how of the

---

[1] Defendant Pussycat Dolls, LLC has been dismissed from the case. Plaintiff shall collectively refer to all remaining defendants in this motion collectively as the "Defendants" and their respective answers to the Complaint as the "Answers." Each remaining Defendant has improperly alleged inequitable conduct in their respective Answers.

material misrepresentation or omission committed before the PTO." Exergen, 575 F.3d at 1327. Additionally, "a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." Id. at 1328-29. Furthermore, a "pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." Id. at 1326-27.

In the present case, Defendants have failed to allege **a single fact** to support their alleged affirmative defense. In fact, Defendants' entire Answers fail to cite a single fact *at all* to support any of their affirmative defenses. Undoubtedly, this void of specificity is due to the fact that Defendants do not have a good faith belief that inequitable conduct has actually occurred in this case, but simply want to allege it without any factual support or good faith belief.

The Federal Circuit has expressly warned federal courts to be weary of defendants who use the inequitable conduct defense as a "magic incantation to be asserted against every patentee" (as Defendants have done here). FMC Corp. v. Manitowoc Co., Inc., 835 F.2d 1411, 1415 (Fed. Cir. 1987). As explained by other federal courts, defending allegations of inequitable conduct is costly and time consuming, particularly if the allegation fails to specify the exact allegedly offending conduct. *See* Chiron Corp. v. Abbott Labs., 156 F.R.D. 219, 221 (N.D. Cal. 1994). "Specious allegations of inequitable conduct can thus be deployed as a delaying tactic, as an attempt to confuse the issues or mislead the court, or as a tool to generate more fees or make the case more expensive for an opponent to try or settle." Id. Further, vague allegations of inequitable conduct may be used to "launch a fishing expedition," allowing the defendant to

embark on wide ranging discovery—which is precisely the type of tactical maneuvering that Rule 9(b) is designed to deter. Id.

Plaintiff respectfully requests that the Court not allow Defendants to engage in this type of improper conduct. Therefore, pursuant to Federal Rule 9(b), Plaintiff requests that the Court strike each of Defendants' allegations of unenforceability in their respective Answers.

**The BURK LAW FIRM, P.C.**

/s/ Michael G. Burk

Michael G. Burk
Texas Bar No. 03386500
burk@burklaw.com
248 Addie Roy Road, Suite A-203
Austin, Texas 78746
Phone: (512) 306-9828
Facsimile: (512) 306-9825
**Lead Counsel**

• • •

**Of Counsel to the Burk Law Firm, P.C.:**
Colten W. Smith
Texas State Bar No. 50511600
smith@burklaw.com
Joseph W. Schultz
Texas State Bar No. 24002913
schultz.oc@burklaw.com
248 Addie Roy Road, Suite A-203
Austin, Texas 78746
Phone: (512) 306-9828
Facsimile: (512) 306-9825

• • •

MEYERTONS, HOOD, KIVLIN,
**KOWERT & GOETZEL, P.C.**
Eric B. Meyertons
Texas State Bar No. 14004400
emeyertons@intprop.com

>Ryan T. Beard
>Texas State Bar No. 24012264
>rbeard@intprop.com
>700 Lavaca, Suite 800
>Austin, Texas 78701
>**(512) 853-8800 (telephone)**
>(512) 853-8801 (facsimile)
>
>**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

The undersigned lead counsel for Plaintiff on March 5, 2010 at 4:04 pm sent an email request asking Defendants to re-plead with factual specificity their Affirmative Defense No. 13 which alleges that Plaintiff's patent is unenforceable, because that affirmative defense was not originally pleaded with factual specificity. All the Defendants pled this same factually unspecific affirmative defense. Defense Counsel declined to respond to Plaintiff's email request and thus the need to file this Motion.

>**/s/ Michael G. Burk**  _____
>Michael G. Burk

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and, pursuant to Local Rule CV-5(a)(3), all counsel of record who are deemed to have consented to electronic service in this case have therefore been served on that date with a copy of the foregoing.

>**/s/ Michael G. Burk**  _____
>Michael G. Burk