IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

LARGE AUDIENCE DISPLAY
SYSTEMS LLC,

    Plaintiff,

vs.

TENNMAN PRODUCTIONS, LLC,
JUSTIN TIMBERLAKE,
LOS ANGELES LAKERS, INC.,
BRITNEY TOURING, INC., and
BRITNEY SPEARS,

    Defendants.
_____/

Civil Action No. 2:09-CV-00356

JURY TRIAL DEMANDED

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS ORIGINAL COMPLAINT AND TO JOIN STEVE DIXON AND MUSIC TOUR MANAGEMENT, INC. AS ADDITIONAL DEFENDANTS

TO THE HONORABLE T. JOHN WARD:

Plaintiff LARGE AUDIENCE DISPLAY SYSTEMS LLC (hereafter sometimes "LADS" or "Plaintiff"), files Motion for Leave to Amend its Original Complaint and to Join Steve Dixon and Music Tour Management, Inc. as Additional Defendants, and would respectfully show the Court as follows:

Pursuant to FED R. CIV. P. 15(a)(2), without limitation, Plaintiff requests leave to amend its Original Complaint.

On March 12, 2010, the original Defendants in this suit filed their Joint Motion to Transfer Venue to the Central District of California ("Motion to Transfer Venue"). In their Motion to Transfer Venue, Defendants set forth evidence demonstrating that Steve Dixon participated in the

patent infringement alleged by Plaintiff against Tennman Productions, LLC, Justin Timberlake, Britney Touring, Inc. and Britney Spears. Through independent research, Plaintiff has also learned that Steve Dixon participated in this alleged infringement with and/or through his business, Music Tour Management, Inc.

Plaintiff was not aware of the alleged infringing conduct by Steve Dixon or Music Tour Management, Inc. prior to the filing of Plaintiff's Original Complaint. Plaintiff therefore seeks leave to amend its Original Complaint and to join Steve Dixon and Music Tour Management, Inc. as defendants. A copy of the proposed amended pleading is attached hereto as **Exhibit 1**.

This case is still in its very early stages and no scheduling conference has been held yet. Granting leave would cause no undue prejudice to Defendants, and leave is not sought for purposes of delay or for any other improper purpose. *See Engstrom v. First Nat'l Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). Plaintiff has been diligent in securing the relief sought herein and amendment of its Original Complaint and the joinder of Steve Dixon and Music Tour Management, Inc. are necessary for proper adjudication of the claims in this case.

A court should freely give leave to amend when justice requires. FED R. CIV. P. 15(a)(2). Here, justice clearly requires that such leave be granted.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant this Motion, allow Plaintiff to amend its Original Complaint and join Steve Dixon and Music Tour Management, Inc. as additional defendants, and that the Court grant Plaintiff any and all other relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**The BURK LAW FIRM, P.C.**

/s/ Michael G. Burk

Michael G. Burk
Texas Bar No. 03386500
burk@burklaw.com
248 Addie Roy Road, Suite A-203
Austin, Texas 78746
Phone: (512) 306-9828
Facsimile: (512) 306-9825
**Lead Counsel**

• • •

**Of Counsel to the Burk Law Firm, P.C.:**
Colten W. Smith
Texas State Bar No. 50511600
smith@burklaw.com
Joseph W. Schultz
Texas State Bar No. 24002913
schultz.oc@burklaw.com
248 Addie Roy Road, Suite A-203
Austin, Texas 78746
Phone: (512) 306-9828
Facsimile: (512) 306-9825

• • •

**MEYERTONS, HOOD, KIVLIN, KOWERT & GOETZEL, P.C.**
Eric B. Meyertons
Texas State Bar No. 14004400
emeyertons@intprop.com
Ryan T. Beard
Texas State Bar No. 24012264
rbeard@intprop.com
700 Lavaca, Suite 800
Austin, Texas 78701
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I have complied with the meet and confer requirement in Local Rule CV-7(h), and counsel for Defendants have advised me that this Motion is opposed by Defendants. On both April 29, 2010 and April 30, 2010 I spoke by telephone regarding this matter with Charles Ainsworth of Parker, Bunt & Ainsworth, P.C. Mr. Ainsworth stated he spoke on behalf of all of the Defendants in stating that Defendants opposed this Motion. However, I also corresponded by email on April 29-30, 2010 regarding this matter with Rod Berman of Jeffer, Mangels, Butler & Marmaro, LLP, and Andrew Langsam of Pryor Cashman LLP. Both Mr. Berman and Mr. Langsam were somewhat inconsistent with the representation of their co-counsel Mr. Ainsworth in that they stated they would oppose this Motion unless Plaintiff agreed to withdraw its opposition to Defendants' Joint Motion to Transfer Venue to the Central District of California and if Plaintiff would first submit Defendants with a copy of the proposed amended complaint. Because Plaintiff is unwilling to withdraw its opposition to Defendants' Joint Motion to Transfer Venue to the Central District of California, and because Mr. Ainsworth had already informed me that all Defendants oppose this Motion, this matter is at an impasse and intervention by the Court is therefore required in order to resolve this issue.

/s/ Michael G. Burk
Michael G. Burk

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and, pursuant to Local Rule CV-5(a)(3), all counsel of record who are deemed to have consented to electronic service in this case have therefore been served on that date with a copy of the foregoing.

/s/ Michael G. Burk
Michael G. Burk

4