IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

LARGE AUDIENCE DISPLAY
SYSTEMS LLC,

    Plaintiff,

vs.

TENNMAN PRODUCTIONS, LLC,
JUSTIN TIMBERLAKE,
THE LOS ANGELES LAKERS, INC.,
BRITNEY TOURING, INC.,
BRITNEY SPEARS,
STEVE DIXON and
MUSIC TOUR MANAGEMENT, INC.

    Defendants.
_____/

Civil Action No. 2:09-CV-00356

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

### I.
### PARTIES

    All the paragraphs in this First Amended Complaint succeeding this Section I, "Parties", are fully incorporated in this Section I by this reference.

    1.    Plaintiff LARGE AUDIENCE DISPLAY SYSTEMS LLC (hereafter "Plaintiff") is a Texas limited liability company with its principal place of business in the Eastern District of Texas at 5935 Old Bullard Rd., #207, Tyler, Texas 75799.

    2.    Defendant TENNMAN PRODUCTIONS, LLC (hereafter "TennMan") is a Delaware limited liability company whose principal place of business is unknown at this time. Defendant Tennman has already answered in this lawsuit.

1

3.  Defendant JUSTIN TIMBERLAKE (hereafter "Mr. Timberlake") is an individual with an address of 414 Washington Street, Fifth Floor, New York, New York 10013. Mr. Timberlake has already answered in this lawsuit.

4.  Defendant THE LOS ANGELES LAKERS, INC. (hereafter "Lakers") is a California corporation with an address of 555 N. Nash St., El Segundo, California 90245, and which has already answered in this lawsuit. Defendant Lakers has already answered in this lawsuit.

5.  Defendant BRITNEY SPEARS (hereafter "Ms. Spears") is an individual with an address of one or more of the following: 137-139 West 25th St., New York, NY 10001, 850 Westcliffe Dr., Winter Garden, Florida 34787, or 14550 Greenwell Church Rd., Kentwood, Louisiana 70444. Ms. Spears has already answered in this lawsuit.

6.  Defendant BRITNEY TOURING, INC. (hereafter "Britney Touring") is a Louisiana corporation with an address in c/o UCS of Louisiana, Inc., 3867 Plaza Tower, First Floor, Baton Rouge, Louisiana 70816. Defendant Britney Touring has already answered in this lawsuit.

7.  Defendant STEVE DIXON (hereafter "Mr. Dixon") is an individual with an address of 4525 Willow West, El Paso, Texas 79922 and/or 1801 Drew St., Houston, Texas 77004.

8.  Defendant MUSIC TOUR MANAGEMENT, INC. (hereafter "Music Tour Management") is a Nevada corporation with an address of 4525 Willow West, El Paso, Texas 79922. Defendant Music Tour Management may be served through its registered agent, Business Filings Incorporation, 311 S. Division St., Carson City, Nevada 89703.

9.  TennMan, Mr. Timberlake, Lakers, Ms. Spears, Britney Touring, Mr. Dixon, and Music Tour Management are collectively referred to herein as the "Defendants" and may individually be referred to herein as a "Defendant."

## II.
## JURISDICTION AND VENUE

All the paragraphs in this First Amended Complaint preceding and succeeding this Section II, "Jurisdiction and Venue", are fully incorporated in this Section II by this reference.

10.  Jurisdiction is proper in this Court pursuant to, without limitation, 28 U.S.C. §§ 1331 and 1338 because this action is for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

11.  Venue is proper in this district pursuant to, without limitation, 28 U.S.C. §§ 1391 and 1400.

## III.
## GENERAL AVERMENTS

All the paragraphs in this First Amended Complaint preceding and succeeding this Section III, "General Averments", are fully incorporated in this Section III by this reference.

### A.
### Plaintiff's Patent Rights

12.  United States Patent No. 6,669,346 B2 ("the Patent") was duly and legally issued on December 30, 2003.

13.  Plaintiff is the owner of all rights in and to the Patent, and a true and correct copy of the Patent is attached hereto as **Exhibit A**.

## B.
## Defendants and their Infringing Activity

14. Defendants TennMan and Mr. Timberlake have put on and presented concert performances using a large-audience display screen that infringes upon certain claims in the Patent. *See, e.g.,* **Exhibit B**. This infringing activity occurred, without limitation, during the "FutureSex/LoveShow Tour" which was performed in the United States including Texas, with tickets to certain of these performances intentionally advertised in and sold to concert attendees residing in the Eastern District of Texas, and which was also intentionally video-recorded and then presented for broadcast via HBO and sale via DVD and other media and/or otherwise reproduced throughout the United States, including the Eastern District of Texas.

15. Defendant Lakers has put on and presented and continues to put on and present sporting events using a large-audience display screen that infringes upon certain claims in the Patent. *See, e.g.,* **Exhibit C**. This infringing activity has occurred and continues to occur, without limitation, at Los Angeles Lakers basketball games that are played in the United States at the Staples Center in California, and which are intentionally broadcast and/or reproduced throughout the United States, including the Eastern District of Texas.

16. Defendants Ms. Spears and Britney Touring have put on and presented and continue to put on and present concert performances using a large-audience display screen that infringes upon certain claims in the Patent. *See, e.g.,* **Exhibit D**. This infringing activity occurred and continues to occur, without limitation, during the "Circus Tour" which has been performed throughout the United States including Texas, with tickets to certain of these performances intentionally advertised in and sold to concert attendees residing in the Eastern District of Texas.

17. Defendants Mr. Dixon and/or Music Tour Management, Inc. have, in working for or with one or more of Defendants Tennman, Mr. Timberlake, Britney Touring and Ms. Spears or some other unknown related individual or entity, have made, offered for sale, and/or sold a large-audience display screen that infringes upon certain claims in the Patent and put on and presented and continue to put on and present concert performances using a large-audience display screen that infringes upon certain claims in the Patent. *See, e.g.,* Exhibits B and D. This infringing activity occurred and continues to occur, without limitation, during the Timberlake "FutureSex/LoveShow Tour" which was performed in the United States including Texas, with tickets to certain of these performances intentionally advertised in and sold to concert attendees residing in the Eastern District of Texas, and which was also intentionally video-recorded and then presented for broadcast via HBO and sale via DVD and other media and/or otherwise reproduced throughout the United States, including the Eastern District of Texas. This infringing activity also occurred and continues to occur, without limitation, during the Spears "Circus Tour" which has been performed throughout the United States including Texas, with tickets to certain of these performances intentionally advertised in and sold to concert attendees residing in the Eastern District of Texas.

18. Defendants have put on and/or presented and continue to put on and/or present their infringing performances or sporting events in a wide range of locations throughout the United States and the world, including Texas and Western Louisiana and, without limitation, (a) advertising for such infringing events has occurred in the state of Texas, including the Eastern District of Texas, (b) tickets to these infringing performances have been directly and/or indirectly sold in the state of Texas and the Eastern District of Texas, and (c) certain of said infringing

5

events have been broadcast, reproduced and/or sold on DVD and/or other media in the State of Texas and the Eastern District of Texas.

19. The intentionally infringing activities of Defendants are and have been without authorization from Plaintiff.

## IV.
## CAUSES OF ACTION

All the paragraphs in this First Amended Complaint preceding and succeeding this Section IV, "Causes of Action", are fully incorporated in this Section IV by this reference.

### A.
### Count 1
### Patent Infringement

20. This cause of action arises under the Patent Laws of the United States, Title 35, United States Code.

21. Defendants have infringed and continue to infringe the Patent under 35 U.S.C. § 271 *et seq*. This infringement was and is willful and intentional.

22. Defendants have, without authority, consent, right or license, and in direct infringement of the Patent, intentionally put on and/or presented infringing performances in this country, and, a substantial part of Defendants' infringing activities have occurred in the state of Texas, including the Eastern District of Texas.

23. Defendants' infringing conduct is willful, intentional, and unlawful and, upon information and belief, will continue unless enjoined by this Court.

### B.
### Count 2
### Inducement of Patent Infringement

24. This cause of action arises under the Patent Laws of the United States, Title 35, United States Code, in particular under 35 U.S.C. § 271(b).

25.  Defendants have, in this country, actively and/or intentionally induced others to infringe upon the Patent.

26.  Defendants' infringing conduct is willful, intentional, and unlawful and, upon information and belief, will continue unless enjoined by this Court.

### C.
### Count 3
### Contributory Infringement

27.  This cause of action arises under the Patent Laws of the United States, Title 35, United States code, in particular under 35 U.S.C. § 271(c).

28.  Defendants are furthermore liable for contributory infringement, pursuant to 35 U.S.C. § 271(c), in that Defendants have made, imported and/or sold within the United States a component of a patented machine, manufacture, composition, combination, or system, and/or a material or apparatus for use in practicing a patented method or process, including a material part of the invention, knowing the same to be especially made or adapted for use in the infringement of the 'Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

29.  Defendants' infringing conduct is willful, intentional, and unlawful and, upon information and belief, will continue unless enjoined by this Court.

### V.
### DAMAGES

All the paragraphs in this First Amended Complaint preceding and succeeding this Section V, "Damages", are fully incorporated in this Section V by this reference.

30.  By reason of Defendants' acts complained of herein, Plaintiff has suffered monetary damages in an amount that has not yet been determined, including but not limited to any and all past and future actual, incidental, general, special, direct, consequential, and lost

profits damages associated with, produced and/or proximately caused by Defendants' conduct, as more specifically described hereinabove. These damages also include, but are not limited to, reasonable royalties. Plaintiff further seeks any and all exemplary damages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

31. Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm and injury as a result of Defendants' aforesaid unlawful and intentional activities. Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to Plaintiff's irreparable damage. Plaintiff's remedy at law is not adequate to compensate it for the injuries suffered and threatened. Pursuant to 35 U.S.C. § 283 and all other applicable authorities, Plaintiff requests the Court enter an injunction barring Defendants from in any way further infringing on the Patent. Plaintiff further requests that the Court, upon trial of this case, grant a permanent injunction against Defendants barring them from in any way further infringing on the Patent. The injunction requested is necessary because in its absence, Defendants may continue to infringe upon the Patent, thereby proximately causing further irreparable and severe business and financial injury to the Plaintiff, all to Plaintiff's detriment.

32. Plaintiffs will show at trial in support of a permanent injunction: Plaintiff is the lawful owner of the valid Patent issued by the United States Patent and Trademark Office and which have been unlawfully infringed by Defendants for the reasons stated herein. Plaintiff has suffered irreparable harm for which a remedy at law alone will be inadequate to compensate Plaintiff for such injury. When considering the relevant balance of hardships between Plaintiff and the Defendants, a remedy in equity is warranted. The public interest would furthermore be disserved if the Court does not grant a permanent injunction.

## VI.
## REQUEST FOR JURY TRIAL

33.     Plaintiff has paid the required fee and hereby demands that this cause be tried by a jury.

## VII.
## NOTICE OF REQUIREMENT OF LITIGATION HOLD

34.     Defendants are hereby notified that they are legally obligated to locate, preserve and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings and digital files including edited and unedited, and unedited or "raw" source material, and other information and tangible things that Defendant(s) know, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses and damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

35.     As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts and revisions, and active and deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones,

personal data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored. These sources may also include the personal electronic, digital and storage devices of any and all of Defendants' agents or employees if Defendants' electronically stored information resides there.

36. Defendants are hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendants' claims and/or defenses. *See Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996) ("failure to retain relevant records during the litigation period allows for a strong adverse inference to be drawn against the party who failed to retain the records"). To avoid such a result, Defendants' preservation duties include, but are not limited to, the requirement that Defendants immediately notify their agents and employees to halt and/or supervise the auto-delete functions of Defendants' electronic systems and refrain from deleting Potential Evidence either manually or through a policy of periodic deletion. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) ("a party in litigation must suspend its routine document retention/destruction policy and establish a "litigation hold" to ensure the preservation of relevant documents").

## VIII.
## PRAYER

All of the paragraphs in this First Amended Complaint preceding and succeeding this Section VIII, "Prayer", are fully incorporated in this Section VIII by this reference.

37. WHEREFORE, Plaintiff demands that Defendants be summoned to appear and answer, and that on final hearing Plaintiff have judgment from this Court against Defendants for the following:

(a) That Defendants and their agents, officers, directors, employees, servants, representatives, privies, successors and assigns, and all holding by, through or under Defendants, and all those acting for or on the behalf of Defendants, or in active concert, participation, or combination with Defendants, be enjoined and restrained, immediately and preliminarily, during the pendency of this action and permanently thereafter from infringing upon the Patent and from inducing others to infringe upon the Patent;

(b) That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of the Patent.

(c) That, in the alternative, a reasonable royalty be awarded to Plaintiff pursuant to 35 U.S.C. § 284.

(d) That Defendants be ordered to account for and pay over to Plaintiff all of Defendants' respective gains, profits and advantages derived from the infringement of the Patent or such damages as to the Court shall appear proper within the patent laws.

(e) That Defendants be ordered to pay Plaintiff enhanced damages (including, without limitation, treble damages).

(f) That Defendants be ordered to pay to Plaintiff the costs of this action, prejudgment interest, and post-judgment interest.

(g) That this case be found to be exceptional.

(h) That Defendants be ordered to pay Plaintiff's reasonable attorneys' fees, experts' fees, and costs.

(i) That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**The BURK LAW FIRM, P.C.**

/s/ Michael G. Burk

Michael G. Burk
Texas Bar No. 03386500
burk@burklaw.com
248 Addie Roy Road, Suite A-203
Austin, Texas 78746
Phone: (512) 306-9828
Facsimile: (512) 306-9825
**Lead Counsel**

• • •

**Of Counsel to the Burk Law Firm, P.C.:**
Colten W. Smith
Texas State Bar No. 50511600
smith@burklaw.com
Joseph W. Schultz
Texas State Bar No. 24002913
schultz.oc@burklaw.com
248 Addie Roy Road, Suite A-203
Austin, Texas 78746
Phone: (512) 306-9828
Facsimile: (512) 306-9825

• • •

**MEYERTONS, HOOD, KIVLIN, KOWERT & GOETZEL, P.C.**
Eric B. Meyertons
Texas State Bar No. 14004400
emeyertons@intprop.com
Ryan T. Beard
Texas State Bar No. 24012264
rbeard@intprop.com
700 Lavaca, Suite 800
Austin, Texas 78701

                (512) 853-8800 (telephone)
                (512) 853-8801 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and, pursuant to Local Rule CV-5(a)(3), all counsel of record who are deemed to have consented to electronic service in this case have therefore been served on that date with a copy of the foregoing.

            /s/ Michael G. Burk
            Michael G. Burk