1  JEFFER MANGELS BUTLER & MITCHELL LLP
   ROD S. BERMAN (Bar No. 105444), rxb@jmbm.com
2  STANLEY M. GIBSON (Bar No. 1620.329), smg@jmbm.com
   JESSICA C. BROMALL (Bar No. 235017), jzb@jmbm.com
3  1900 Avenue of the Stars, Seventh Floor
   Los Angeles, California 90067-4308
4  Telephone: (310) 203-8080
   Facsimile: (310) 203-0567
5
6  Attorneys for Defendant THE LOS ANGELES LAKERS, INC.

7  PRYOR CASHMAN LLP
   ANDREW S. LANGSAM (*pro hac vice*)
8  7 Times Square, 39th Floor
   New York, New York 10036-6569
9  Telephone: (212) 326-0180
   Facsimile: (212) 515-6969
10
11 PRYOR CASHMAN LLP
   MICHAEL J. NIBORSKI, mniborski@pryorcashman.com
12 1801 Century Park East 24th Floor
   Los Angeles, CA 90067
13 Telephone: (310) 556-9608
   Facsimile: (310) 556-9670
14
   Attorneys for Defendants TENNMAN PRODUCTIONS,
15 LLC, JUSTIN TIMBERLAKE, BRITNEY TOURING, LLC
   s/h/a BRITNEY TOURING, INC., and BRITNEY SPEARS

16              UNITED STATES DISTRICT COURT
17              CENTRAL DISTRICT OF CALIFORNIA
18

| | |
|---|---|
| 19 LARGE AUDIENCE DISPLAY SYSTEMS, LLC | CASE NO. CV11-03398-AHM (RZx) |
| 20 Plaintiff, | **DECLARATION OF ANDREW S. LANGSAM IN SUPPORT OF JOINT MOTION OF DEFENDANTS TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, THE LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., AND BRITNEY SPEARS FOR STAY PENDING OUTCOME OF REEXAMINATION** |
| 21 v. | |
| 22 TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, THE LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., BRITNEY SPEARS, STEVE DIXON and MUSIC TOUR MANAGEMENT, INC., | |
| 27 Defendants. | Hearing Date: December 19, 2011<br>Hearing Time: 10:00 a.m.<br>Place: Courtroom 14<br>Los Angeles-Spring Street<br>Hon. A. Howard Matz |

28

I, ANDREW S. LANGSAM, declare and state as follows:

1.  I am a partner in Pryor Cashman LLP's Intellectual Property and Patent Groups. I am located in the firm's New York office and have been admitted to appear in this case *pro hac vice*. I am a member of the bar of the State of New York and am registered to practice before the U.S. Patent and Trademark Office ("PTO"). I am counsel of record for defendants herein Tennman Productions, LLC, Justin Timberlake, Britney Touring, Inc. and Britney Spears.

2.  On November 11, 2009, a Request to the PTO for an *inter partes* reexamination of U.S. Patent No. 6,669,346 (the "Patent") was filed. This Request was made on behalf of Defendants Tennman Productions, LLC, Justin Timberlake, The Los Angeles Lakers, Inc., Britney Touring, Inc. and Britney Spears (the "Moving Defendants"). The remaining defendants Steve Dixon and Music Tour Management, Inc. (the "Dixon Defendants") did not join in the Request but consent to this Motion to Stay. A copy of the Request is attached as Exhibit A. Note that the attached copy of the Request excludes Exhibit C to the Request, which is a DVD containing a video of certain prior art. That video is also available at the following web address: http://www.youtube.com/watch?v=CAFhNobJABU.

3.  The PTO issued a report entitled "Inter Partes Reexamination Filing Data" that demonstrates the total number of inter partes reexamination requests filed since November 29, 1999, the number granted and not granted, and the ultimate results of the granted reexaminations. A copy of this report is attached as Exhibit B.

4.  Large Audience Display Systems LLC ("LADS") filed its Complaint in this action on November 11, 2009, and subsequently filed its Amended Complaint (adding the Dixon Defendants) on April 30. 2010. The Amended Complaint asserts infringement of one patent only, the patent-in-suit.

5.  Defendant The Los Angeles Lakers, Inc. filed its Answer to the Amended Complaint on July 16, 2010. Defendants Tennman Productions, LLC, Justin Timberlake, Britney Touring, Inc. and Britney Spears filed their Answer to the

---
LANGSAM DECL. ISO DEFENDANTS' MOTION TO STAY PENDING OUTCOME OF REEXAM

- 1 -

1 Amended Complaint on July 22, 2010. The Dixon Defendants have also filed an
2 Answer in this action.

3     6. On March 12, 2010, before the parties commenced discovery, the
4 Moving Defendants filed a motion to transfer this case from the United States District
5 Court for the Eastern District of Texas to this Court. On March 30, 2011, the United
6 States District Court for the Eastern District of Texas granted Moving Defendants'
7 motion and this matter was transferred to this Court.

8     7. The litigation before this court is at the beginning stages. LADS has not
9 sought a preliminary injunction and the parties have only just begun to confer
10 regarding initial discovery matters. No documents have yet been exchanged pursuant
11 to document requests and no depositions have yet been taken. No third-party
12 discovery has been initiated and no substantive motions have been filed. The parties
13 have not as yet agreed on a protective order.

14     8. LADS has not yet inspected the accused screen systems (indeed, some of
15 them are no longer available as a unified system for inspection).

16     9. The deadline for LADS to serve Infringement Contentions is January 12,
17 2012 and the deadline for the Defendants to provide their Invalidity Contentions is
18 February 27, 2012.

19     10. The parties have not yet exchanged claim constructions nor have they
20 submitted claim construction briefs to the Court. The hearing pursuant to *Markman*
21 *v. Westview Instr. Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996),
22 during which this Court will construe the terms of the asserted claims, is set to take
23 place on September 27, 2012.

24     11. An initial scheduling conference was recently held on October 24, 2011,
25 during which the Moving Defendants expressed their intention to soon file a Request
26 for Reexamination with the PTO.

27     12. On November 9, 2011, pursuant to Central District Local Rule 7-3,
28 Moving Defendants requested a meet and confer regarding their proposed motion for

1 a stay of proceedings pending the resolution of the reexamination and Plaintiff's
2 counsel responded that it would like to review the Request for Reexamination prior to
3 meeting and conferring.  On or about November 11, 2011, Moving Defendants
4 provided Plaintiff's counsel with a copy of the Request for Reexamination.
5 Subsequently, Plaintiff's counsel advised Moving Defendants that it would not
6 consent to their Requested stay and that it also waived the ten day waiting period for
7 filing the instant motion.

8       13.    Shortly after, on November 11, 2011, Moving Defendants submitted to
9 the PTO their Request for an *inter partes* Reexamination of the sole patent-in-suit, the
10 Patent.

11       14.    The Request is based largely on Moving Defendants' argument that each
12 of the asserted claims of the Patent should be rejected because it is directly
13 anticipated by at least one newly discovered and not previously cited prior patent or
14 publication when considered alone, *i.e.* without combination of elements from
15 various prior art materials.  The grounds of invalidity asserted in the Request here are
16 strong and make it likely that the Patent will not survive at all.  Even if the Patent
17 does survive the reexamination, it is likely that, as in most cases, the asserted claims
18 will be substantively modified.

19       15.    This declaration is based on my personal knowledge and my review of
20 the records referenced herein.  If called to testify, I would testify as stated herein.

21       I declare under penalty of perjury under the laws of the United States of
22 America that the foregoing is true and correct, and that this Declaration is executed
23 on November 21, 2011 at New York, New York.

                                       /S/ANDREW S. LANGSAM
                                       ANDREW S. LANGSAM

LANGSAM DECL. ISO DEFENDANTS' MOTION TO STAY PENDING OUTCOME OF REEXAM
- 3 -