**THE BURK LAW FIRM, P.C.**
Michael G. Burk (admitted *pro hac vice*)
e-mail: burk@burklaw.com
278 Addie Roy Road, Suite A-203
Austin, Texas 78746
Tel: (512) 306-9828 / Fax: (512) 306-9825

*Attorneys for Plaintiff*
Large Audience Display Systems, Inc.

[Additional Counsel for Plaintiff Listed on Signature Page]


**PRYOR CASHMAN LLP**
Michael J. Niborski (State Bar No. 192111), mniborski@pryorcashman.com
Andrew S. Langsam (admitted *pro hac vice*), alangsam@pryorcashman.com
Stephanie R. Kline (admitted *pro hac vice*), skline@pryorcashman.com
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 556-9608 / Fax: (310) 556-9670

*Attorneys for Defendants*
Tennman Productions, LLC, Justin Timberlake,
Britney Touring, Inc., and Britney Spears


**JEFFER MANGELS BUTLER & MITCHELL LLP**
ROD S. BERMAN (Bar No. 105444), rxb@jmbm.com
STANLEY M. GIBSON (Bar No. 162329), smg@jmbm.com
JESSICA C. BROMALL (Bar No. 235017), jzb@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:     (310) 203-8080
Facsimile:     (310) 203-0567

*Attorneys for Defendant*
The Los Angeles Lakers, Inc.


**MUSIC TOUR MANAGEMENT, INC.**
Matthew S. Sprissler (Bar No. 267395)
matt@musictourmgmt.com
60 Research Drive
Milford, CT 06460
Telephone:    (203) 502-4500
Facsimile: (203) 502-4502

*Attorneys for Defendants*
Steve Dixon and Music Tour Management, Inc.

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGE AUDIENCE DISPLAY SYSTEMS, LLC<br><br>Plaintiff,<br><br>v.<br><br>TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., BRITNEY SPEARS, STEVE DIXON and MUSIC TOUR MANAGEMENT, INC.,<br><br>Defendants. | Case No. CV 11-03398 AHM (RZx)<br><br>**[PROPOSED]**<br>**PROTECTIVE ORDER**<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to this Order – including without limitation the parties to this action, their representatives, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. **Overview:** Any person or party subject to this Order who receives from any other person or party any information of any kind provided in the course of discovery in the action (hereinafter "Discovery Material") that is designated as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" pursuant to the terms of this Order (hereinafter, the "Confidential Information" or "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else

- 2 -

except as expressly permitted hereunder.

2. **Material Designated As "Confidential"**

(a) The person or party disclosing or producing any given Discovery Material may designate as "Confidential" such portion of such material as the person or party in good faith believes includes information that is not available to the public and is confidential, proprietary, commercially sensitive, or constitutes a trade secret and is contained within one of the following categories:

(1) <u>Confidential Financial Information</u>:  Information, maintained by the producing party in confidence, and relating to:  amounts spent on research, development, marketing, promotion, and advertising; sales and revenues; profits and losses; employee salaries and bonuses;

(2) <u>Confidential Research and Development</u>:  Information, maintained by the producing party in confidence, and relating to:  conception, research, and development of brands, products, tour components, set designs, goods and/or services; or

(3) <u>Confidential Commercial / Trade Secret Information</u>: Information, maintained by the producing party in confidence, and relating to: customer lists; customers, licensors, or other third parties with whom the producing party has contracted in connection with its intellectual property, products, goods and/or services; the manufacture and distribution of the producing party's products, goods and/or services; advertising, marketing, and/or promotional plans associated with the producing party's intellectual property, products, goods and/or services.

(b) The parties, or some of them, request protection of such information on the grounds that if disclosed it could be harmful to the parties, or any of them, and that said information, if disclosed, could be helpful to the competitors of the parties, or any of them, and that said information therefore requires special protection from disclosure pursuant to F.R.C.P. 26(c).

(c) **Good Cause Statement**: Good cause exists for protecting the confidential financial, research and development, and commercial / trade secret information described above. The information described has been maintained in confidence by the producing party and its disclosure would result in prejudice or harm to that party. Specifically, good cause exists for protecting the information described above based on the following:

(1) Confidential Financial Information: The Confidential Financial Information includes information protected by third parties' rights of privacy under the Constitutions of the United States and the State of California and its disclosure could subject the producing party to civil liability. Further, disclosure of Confidential Financial Information, except pursuant to the Protective Order signed by all Parties receiving the Confidential Information, would cause substantial harm to the competitive position of the producing party by revealing areas of financial strength and weakness of the producing party, as well as that party's strategic decision-making regarding, *inter alia*, personnel, employment of outside consultants, expenditures on research and development, and expenditures on marketing and advertising;

(2) Confidential Research and Development Information: The producing party has expended valuable time and resources developing their respective brands, products, goods and/or services. Disclosure of information relating to those efforts, except pursuant to the Protective Order signed by all Parties receiving the Confidential Information, would cause substantial harm to the competitive position of the producing party by allowing their competitors to utilize the fruits of the parties efforts, without incurring any of the costs associated therewith; and

(3) Confidential Commercial / Trade Secret Information: The producing party has expended valuable time and resources developing a customer base, as well as developing relationships with customers, manufacturers, and

1  distributors for its products, goods and/or services.  Disclosure of information
2  relating to those efforts, except pursuant to the Protective Order signed by all Parties
3  receiving the Confidential Information, would cause substantial harm to the
4  competitive position of the producing party by allowing its competitors to benefit
5  from the producing party's efforts without incurring any of costs associated
6  therewith.

7      3. **Disclosure Of "Confidential" Materials:**  No person or party subject
8  to the Order other than the producing person or party shall disclose any of the
9  Discovery Material designated by the producing person or party as "Confidential" to
10 any other person whomsoever, except to:

11     (a) the parties to this action and Protective Order, including their
12 employees and former employees;

13     (b) in-house (or corporate) legal counsel, and outside attorneys
14 retained specifically for this action, and fellow employees of each such attorneys'
15 law firms to whom it is reasonably necessary to disclose such Confidential
16 Discovery Material;

17     (c) its author, its addressee, and any other person indicated on the
18 face of the document as having received a copy;

19     (d) any employee, or former employee, of any sender or recipient of
20 the document (e.g. where a Purchase Order from Company A to Company B is
21 produced in litigation by Company A, said document may be disclosed to employees
22 of Company B under the terms of this Protective Order).

23     (e) any person retained by a party to serve as an expert witness or
24 otherwise providing specialized advice to counsel in connection with this action,
25 provided such person has first executed a Non-Disclosure Agreement in the form
26 annexed as Exhibit A hereto;

27     (f) stenographers engaged to transcribe depositions conducted in
28 this action and their support personnel;

(g) the Court and its support personnel;

(h) any mediator or settlement officer, whom the parties have elected or consented to participate in the case; and

(i) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

4. **Material Designated As "Highly Confidential/Attorneys' Eyes Only":** The person or party disclosing or producing any given Discovery Material may designate as "Highly Confidential/Attorneys' Eyes Only" such portion of such material as the person or party in good faith believes contains especially sensitive business, financial, or technical information.  Such information may include sales figures, customers lists, profit and loss calculations, sales projections, production costs, marketing costs, overhead costs, business and marketing plans, research and development information, and confidential nonpublic contracts.  The parties, or some of them, request protection of such information on the grounds that said information is not ordinarily available to the public, that said information, if disclosed, could be especially harmful to the parties, or any of them, and that said information, if disclosed, could be helpful to the competitors of the parties, or any of them, and that said information therefore requires special protection from disclosure pursuant to F.R.C.P. 26(c).

5. **Disclosure Of "Highly Confidential/Attorneys' Eyes Only" Material:** No person or party subject to this Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Highly Confidential/Attorneys' Eyes Only" to any other person whomsoever, except to:

a) outside attorneys retained specifically for this action, and fellow employees and contract attorneys of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

b) one in-house counsel, to be designated by the receiving party,

which in-house counsel does not actively assist in patent prosecution;

c) outside experts and outside consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation and to whom it is reasonably necessary to disclose such Confidential Discovery Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

d) the party producing said documents and persons affiliated with the party producing said documents, including the producing party's employees and former employees (provided such former employee has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto), during the time they are testifying in deposition or at trial, or in connection with written discovery requests;

e) Any employee of any sender or recipient of the document (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to employees or agents of Company B under the terms of this Protective Order);

f) stenographers engaged to transcribe depositions conducted in this action;

g) the Court and its support personnel;

h) any mediator or settlement officer, whom the parties have elected or consented to participate in the case;

i) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order; and/or

j) should any party produce any document or information designated "Attorneys' Eyes Only", and should counsel for another party believe it necessary to disclose any such document or information to persons not provided for above (including, but not limited to relevant financial information of one or more Defendants

1 in connection with settlement discussions), counsel for that party shall first seek
2 permission from the producing party for such disclosure on a case-by-case basis, and
3 permission shall not be unreasonably withheld by the producing party (provided the
4 person to whom disclosure is proposed executes Exhibit A to this Order prior to
5 receiving any such information).  Unless and until such a request is granted, or it is
6 otherwise directed by the Court, information designated "Attorneys' Eyes Only" will
7 be disclosed only as provided for herein.

8       6. **Deposition Transcripts:**  With respect to the "Confidential" or "Highly
9 Confidential/Attorneys' Eyes Only" portion(s) of any Discovery material other than
10 deposition transcripts and exhibits, the producing person or party or that person's or
11 party's counsel may designate such portion(s) as "Confidential" or "Highly
12 Confidential /Attorneys' Eyes Only" by stamping or otherwise clearly marking as
13 "Confidential" or "Highly Confidential/Attorneys' Eyes Only" the protected portion(s)
14 in a manner that will not interfere with its legibility or audibility.  With respect to
15 deposition transcripts and exhibits, a producing person or party or that person or
16 party's counsel may indicate on the record that a question calls for "Confidential" or
17 "Highly Confidential/Attorneys' Eyes Only", in which case the transcript of the
18 designated testimony shall be bound in a separate volume and marked "Confidential
19 Information Governed by Protective Order" by the reporter.  In the case of
20 depositions, if a party's or third party's counsel believes that the deposition transcript
21 or portions thereof, in addition to that indicated at the deposition to be confidential,
22 constitutes "Confidential" or "Highly Confidential/Attorneys' Eyes Only" material,
23 said counsel shall designate in writing to the opposing party's counsel within 45 days
24 after the receipt of the transcript of the deposition, the specific pages and lines
25 constituting such material.  Pending such notice, the parties shall not disclose any
26 information obtained during the deposition, whether designated as "Confidential" or
27 "Highly Confidential/Attorneys' Eyes Only," and shall treat the deposition transcript
28 as "Highly Confidential/Attorneys' Eyes Only."

7.     **Documents Under Seal:**  The designation of documents or information as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" creates no entitlement to file such documents or information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal.

8.     **Separate Non-Disclosure Agreements:**  Prior to any disclosure of any Confidential Discovery Material to any person referred to in paragraph 3a, 3b, 3e, 5a, 5b, and/or 5c above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form reflected in Exhibit A hereto. Said counsel shall retain each signed Non-Disclosure Agreement, and upon request produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial).

9.     **Failure To Designate:**  If at any time prior to the trial of this action, a producing person or party realizes that some portion(s) of Discovery Material that that person or party previously produced without limitation, or without adequate limitation, should be designated as "Confidential" and/or "Highly Confidential /Attorneys' Eyes Only", that person or party may so designate by so apprising all parties in writing, and providing said parties with appropriately marked copies of said Discovery Material, where possible, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" under the terms of this Order.  Any disclosure made before such designation as is provided for in this paragraph shall not be deemed a violation of this Protective Order.

10.     **Designations In Good Faith:**  "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position.  "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" material <u>shall</u> <u>not</u> include information that (a)

was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

11. **Objections To Designations:** Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court in accordance with Civil Local Rule 37 and the party asserting confidentiality shall have the burden of proving same. If a party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Material, that party nevertheless shall treat and protect such material as Confidential Material in accordance with this Protective Order unless and until all involved parties shall have agreed in writing, or an order of the Court shall have been entered, that provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified for Confidential Material in this Protective Order.

12. **Use At Trial Or in Connection With Dispositive Motions:** Documents designated "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" may be used by any party without limitation at trial or in connection with dispositive motions. However, any party who wishes to have such documents treated as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" in connection with those proceedings may renew their request for confidentiality before the trial judge at the appropriate time in connection with a dispositive motion, or, in connection with trial, at the status conference, through a motion *in limine* and/or as may be otherwise permitted by the court.

13. **Continuing Jurisdiction:** This Court shall retain jurisdiction over all

persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14. **Obligations Upon Termination Of Litigation:** This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, including all appeals, all Discovery Materials designated as "Confidential," and/or "Highly Confidential/Attorneys' Eyes Only" and all copies thereof, that have not been annotated, illuminated or otherwise "marked-up" shall be promptly returned to the producing person or party (at the producing person's expense), if requested in writing by the producing party or shall be destroyed. All documents marked "Confidential," and/or "Highly Confidential/Attorneys' Eyes Only" that have been annotated, illuminated or otherwise "marked-up" shall not be returned, but shall be destroyed.

15. **Further Modifications:** Any party to this action, and any third party producer may, at any time, request the modification of this Protective Order, upon a noticed motion, unless emergency relief is appropriate, and upon a showing of good cause.

**IT IS SO ORDERED.**

Date: May 15, 2012      _____
                        United States Magistrate Judge

# **EXHIBIT A**

## NON-DISCLOSURE AGREEMENT

I understand that access to information designated as "Confidential" and "Highly Confidential-Attorneys' Eyes Only" is provided to me under the terms and restrictions of a Protective Order. I have received a copy of the Protective Order, have read it, and agree to be bound by its terms. I will not mention, disclose, or use information designated as "Confidential" and "Highly Confidential-Attorneys' Eyes Only" that is provided to me in connection with this action except as permitted by the Protective Order.

Dated: _____

Signature: _____

Print Name: _____

Title: _____

Company: _____

AGREED AND APPROVED AS TO SUBSTANCE AND FORM:

Dated: April 30, 2012　　　　**THE BURK LAW FIRM, P.C.**
Michael G. Burk

By:　*/s/ Michael G. Burk*
　　burk@burklaw.com

**MEYERTONS, HOOD, KIVLIN, KOWERT & GOETZEL, P.C.**
Eric B. Meyertons
Ryan T. Beard

**GROBATY AND PITET LLP**
Christopher L. Pitet

*Attorneys for Plaintiff*
LARGE AUDIENCE DISPLAY SYSTEMS, LLC


Dated: April 30, 2012　　　　**PRYOR CASHMAN LLP**
Michael J. Niborski
Andrew S. Langsam
Stephanie R. Kline

By:　*/s/ Michael J. Niborski*
　　mniborski@pryorcashman.com

*Attorneys for Defendants*
TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, BRITNEY TOURING, LLC S/H/A SPEARKS KING POLE, INC. and BRITNEY SPEARS

| | |
|---|---|
| Dated: April 30, 2012 | **JEFFER MANGELS BUTLER & MITCHELL LLP**<br>Rod S. Berman<br>Stanley M. Gibson<br>Jessica C. Bromall<br><br>By: */s/ Jessica C. Bromall*<br>     jzb@jmbm.com<br><br>*Attorneys for Defendant*<br>THE LOS ANGELES LAKERS, INC. |
| Dated: April 30, 2012 | **MUSIC TOUR MANAGEMENT, INC.**<br>Matthew S. Sprissler<br><br>By: */s/ Matthew S. Sprissler*<br>     matt@musictourmgmt.com<br><br>*Attorneys for Defendants*<br>STEVE DIXON and MUSIC TOUR MANAGEMENT, INC. |