Michael J. Niborski (State Bar No. 192111)
e-mail: mniborski@pryorcashman.com
**PRYOR CASHMAN LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 556-9608
Fax: (310) 556-9670

Andrew S. Langsam (admitted *pro hac vice*)
e-mail: alangsam@pryorcashman.com
Stephanie R. Kline (admitted *pro hac vice*)
e-mail: skline@pryorcashman.com
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036-6569
Tel: (212) 326-0180
Fax: (212) 515-6969

*Attorneys for Defendants*
Tennman Productions, LLC, Justin Timberlake,
Britney Touring, Inc., and Britney Spears

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGE AUDIENCE DISPLAY SYSTEMS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., BRITNEY SPEARS, STEVE DIXON and MUSIC TOUR MANAGEMENT, INC.,<br><br>Defendants. | Case No. CV 11-03398 AHM (RZx)<br><br>**RESPONSES OF DEFENDANT BRITNEY SPEARS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:     LARGE AUDIENCE DISPLAY SYSTEMS, LLC

RESPONDING PARTY:      BRITNEY SPEARS

SET NO:                ONE [Request Nos. 1 – 46]

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant BRITNEY SPEARS ("Defendant") hereby responds and objects to the First Set of Requests for Production of Documents (the "Requests") propounded by LARGE AUDIENCE DISPLAY SYSTEMS, LLC ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

Defendant responds to the Requests based upon the investigation conducted in the time available since service of the Requests.  As of the date of these Responses, Defendant has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiff and/or third parties.  As a consequence, Defendant's Responses are based upon information now known to Defendant and that Defendant believes to be relevant to the subject matter covered by the Requests.  In the future, Defendant may discover or acquire additional information, or may discover documents currently in her possession, bearing upon the Requests and Defendant's Responses thereto.  Without in any way obligating herself to do so, Defendant reserves the right: (a) to make subsequent revisions or amendments to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (b) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein.  Defendant incorporates this Preliminary Statement into each Response herein as if fully set forth.

## GENERAL OBJECTIONS

1.      Subject to each and every general objection and each and every specific objection stated herein, Defendant responds to the Requests as set forth below.

Defendant's statements in response to the Requests shall not be construed to be a waiver of any of the general or specific objections interposed herein.

2. Defendant objects to the Requests to the extent they seek to impose burdens on Defendant that are inconsistent with, or in addition to, her discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of the Court. Defendant will respond consistent with the statutory requirements.

3. Defendant objects to the Requests to the extent that they seek documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other applicable privilege or immunity.

4. Defendant objects to the Requests to the extent that they seek documents that are not reasonably calculated to lead to the discovery of admissible evidence in this action.

5. Defendant objects to the Requests to the extent that they seek confidential, proprietary business documents that belong to Defendant. Defendant will not provide any such confidential documents without the execution by the parties, and entry by the Court, of an appropriate Confidentiality and Protective Order.

6. Defendant objects to the Requests to the extent that they seek documents in which Defendant and/or third parties have a legitimate expectation and/or right of privacy pursuant to federal and state constitutions, including the California Constitution (Art. I, § 1), statutes or case law.

7. Defendant objects to the Requests to the extent that they are not limited to a time period proximate to the events at issue in this action.

8. Defendant incorporates these general objections into each response herein as if fully set forth. Without waiving any of these objections, all of which are incorporated by reference in the responses below, Defendant specifically responds to the Requests as follows.

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**REQUEST NO. 1:**

Produce all documents that depict, evidence or refer to the designing, making, using, selling, offering for sale, or importing into the United States, of Defendant's Display.

**RESPONSE TO REQUEST NO. 1:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 2:**

Produce all documents that refer to Plaintiff's Patents.

**RESPONSE TO REQUEST NO. 2:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks

1   documents in which parties or non-parties may have a legitimate right or expectation of

2   privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or

3   confidential information or trade secrets belonging to Defendant or third parties with

4   whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

5   objections and the General Objections:

6         Defendant will produce all responsive, non-privileged documents in its custody

7   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

8   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

9   Protective Order.

10  **REQUEST NO. 3:**

11        Produce all documents that evidence or refer to Defendant's efforts to

12  determine whether or not the use of Defendant's Display potentially or actually violated

13  any existing U.S. Patents.

14  **RESPONSE TO REQUEST NO. 3:**

15        Defendant hereby incorporates each of her General Objections as if set forth

16  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague

17  and ambiguous; (ii) seeks documents that are protected from disclosure by the

18  attorney-client privilege and/or the attorney work-product doctrine, applicable

19  regulatory privileges or any other privilege or immunity; (iii) seeks documents in

20  which parties or non-parties may have a legitimate right or expectation of privacy

21  pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

22  confidential information or trade secrets belonging to Defendant or third parties with

23  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

24  objections and the General Objections:

25        Defendant will produce all responsive, non-privileged documents in its custody

26  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

27  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

28  Protective Order.

4

**REQUEST NO. 4:**

Produce all documents that evidence or refer to when Defendant sought the advice of counsel regarding the Plaintiff's Patents or Plaintiff.

**RESPONSE TO REQUEST NO. 4:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague and ambiguous; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 5:**

Produce all insurance policies owned by Defendant that cover Defendant's Display or use or misuse of that Display, including, without limitation, the declarations page, endorsements, amendments and reservation of rights letters issued as to such policies.

**RESPONSE TO REQUEST NO. 5:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a

1  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

2  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

3  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

4  without waiving, the foregoing objections and the General Objections:

5        Defendant will produce all responsive, non-privileged documents in its custody

6  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

7  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

8  Protective Order.

9  **REQUEST NO. 6:**

10       Produce all documents that evidence the manufacturer(s) of Defendant's Display.

11  **RESPONSE TO REQUEST NO. 6:**

12       Defendant hereby incorporates each of her General Objections as if set forth

13  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

14  documents that are protected from disclosure by the attorney-client privilege and/or the

15  attorney work-product doctrine, applicable regulatory privileges or any other privilege

16  or immunity; (ii) seeks documents in which parties or non-parties may have a

17  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

18  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

19  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

20  without waiving, the foregoing objections and the General Objections:

21       Defendant will produce all responsive, non-privileged documents in its custody

22  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

23  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

24  Protective Order.

25  **REQUEST NO. 7:**

26       Produce all documents that evidence or refer to Defendant's purchase of

27  Defendant's Display.

28

**RESPONSE TO REQUEST NO. 7:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 8:**

Produce all emails, letters, agreements or other documents that discuss or refer to Defendant's Display and Plaintiff's Patents, including, but not limited to, any letters or agreements by Defendant to, from, or with any manufacturer of Defendant's Display.

**RESPONSE TO REQUEST NO. 8:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or confidential information or trade secrets belonging to

1   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

2   without waiving, the foregoing objections and the General Objections:

3      Defendant will produce all responsive, non-privileged documents in its custody

4   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

5   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

6   Protective Order.

7   **REQUEST NO. 9:**

8      Produce all documents considered by any expert testifying witness in

9   formulating any opinions that may be used or relied upon in the Suit.

10   **RESPONSE TO REQUEST NO. 9:**

11      Defendant hereby incorporates each of her General Objections as if set forth

12   verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

13   premature at this stage of the litigation; (ii) is overbroad and unduly burdensome;

14   (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure

15   by the attorney-client privilege and/or the attorney work-product doctrine, applicable

16   regulatory privileges or any other privilege or immunity; (v) seeks documents in which

17   parties or non-parties may have a legitimate right or expectation of privacy pursuant to

18   constitutional, statutory or case law; and (vi) seeks proprietary or confidential

19   information or trade secrets belonging to Defendant or third parties with whom

20   Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

21   objections and the General Objections:

22      Defendant will produce all responsive, non-privileged documents in its custody

23   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

24   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

25   Protective Order.

26   **REQUEST NO. 10:**

27      Produce all documents received by Defendant from any expert witness who may

28   testify or offer an opinion at trial regarding any aspect of the Suit.

**RESPONSE TO REQUEST NO. 10:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is premature at this stage of the litigation; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 11:**

Produce all documents that evidence the designer(s) of Defendant's Display.

**RESPONSE TO REQUEST NO. 11:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

1    Defendant will produce all responsive, non-privileged documents in its custody

2  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

3  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

4  Protective Order.

5  **REQUEST NO. 12:**

6    Produce all documents that discuss or refer to any U.S. Patents that any

7  manufacturer of Defendant's Display claims covers or relates to Defendant's Display.

8  **RESPONSE TO REQUEST NO. 12:**

9    Defendant hereby incorporates each of her General Objections as if set forth

10  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

11  overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents

12  that are protected from disclosure by the attorney-client privilege and/or the attorney

13  work-product doctrine, applicable regulatory privileges or any other privilege or

14  immunity; (iv) seeks documents in which parties or non-parties may have a legitimate

15  right or expectation of privacy pursuant to constitutional, statutory or case law; and

16  (v) seeks proprietary or confidential information or trade secrets belonging to

17  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

18  without waiving, the foregoing objections and the General Objections:

19    Defendant will produce all responsive, non-privileged documents in its custody

20  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

21  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

22  Protective Order.

23  **REQUEST NO. 13:**

24    Produce all documents that discuss or refer to any relevant prior art that allegedly

25  relates to or covers Defendant's Display.  This request seeks all responsive documents

26  through time of trial regardless of date and is not intended to be limited by the Time Frame

27  set forth above.

28

**RESPONSE TO REQUEST NO. 13:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague and ambiguous; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 14:**

Produce all documents which identify or describe the revenues received by Defendant from Defendant's "Circus" tour or any other use of Defendant's Display.

**RESPONSE TO REQUEST NO. 14:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome, (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case

1  law; and (vi) seeks proprietary or confidential information or trade secrets belonging to

2  Defendant or third parties with whom Defendant deals or has dealt.

3  **REQUEST NO. 15:**

4      Produce all documents which identify or evidence the number of

5  performances or other events at which Defendant's Display has been used.

6  **RESPONSE TO REQUEST NO. 15:**

7      Defendant hereby incorporates each of her General Objections as if set forth

8  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

9  overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents

10  that are protected from disclosure by the attorney-client privilege and/or the attorney

11  work-product doctrine, applicable regulatory privileges or any other privilege or

12  immunity; (iv) seeks documents in which parties or non-parties may have a legitimate

13  right or expectation of privacy pursuant to constitutional, statutory or case law; and

14  (v) seeks proprietary or confidential information or trade secrets belonging to

15  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

16  without waiving, the foregoing objections and the General Objections:

17      Defendant will produce all responsive, non-privileged documents in its custody

18  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

19  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

20  Protective Order.

21  **REQUEST NO. 16:**

22      Produce all documents received by or created by Defendant that refer to, or

23  depict images of, Defendant's Display.

24  **RESPONSE TO REQUEST NO. 16:**

25      Defendant hereby incorporates each of her General Objections as if set forth

26  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

27  documents that are protected from disclosure by the attorney-client privilege and/or the

28  attorney work-product doctrine, applicable regulatory privileges or any other privilege

1   or immunity; (ii) seeks documents in which parties or non-parties may have a
2   legitimate right or expectation of privacy pursuant to constitutional, statutory or case
3   law; and (iii) seeks proprietary or confidential information or trade secrets belonging to
4   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and
5   without waiving, the foregoing objections and the General Objections:

6          Defendant will produce all responsive, non-privileged documents in its custody
7   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil
8   Procedure 26 and 34, following the entry of an appropriate Confidentiality and
9   Protective Order.

10  **REQUEST NO. 17:**

11         Produce all documents which discuss or refer to the marketing by Defendant
12  of performances or other events utilizing Defendant's Display, including, but not
13  limited to, advertising material, web pages, articles, press releases, agreements, brochures,
14  and materials provided to employees, customers, fans, or the general public.

15  **RESPONSE TO REQUEST NO. 17:**

16         Defendant hereby incorporates each of her General Objections as if set forth
17  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not
18  reasonably calculated to lead to the discovery of admissible evidence in this action;
19  (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks
20  documents that are protected from disclosure by the attorney-client privilege and/or the
21  attorney work-product doctrine, applicable regulatory privileges or any other privilege
22  or immunity; (v) is not limited to a time period relevant the events material to this
23  action; (vi) seeks documents in which parties or non-parties may have a legitimate
24  right or expectation of privacy pursuant to constitutional, statutory or case law; and
25  (vii) seeks proprietary or confidential information or trade secrets belonging to
26  Defendant or third parties with whom Defendant deals or has dealt.

27
28

**REQUEST NO. 18:**

Produce all documents constituting or evidencing (a) what Defendant alleges to be prior art, or (b) other information relevant to the enforceability, validity, infringement, or enforcement of the Plaintiff's Patents. This request seeks all responsive documents through time of trial regardless of date and is not intended to be limited by the Time Frame set forth above.

**RESPONSE TO REQUEST NO. 18:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 19:**

Produce all documents which relate or refer to the prosecution history of the Plaintiff's Patents.

**RESPONSE TO REQUEST NO. 19:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is overbroad and unduly burdensome; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine,

applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 20:**

Produce all documents that describe how to operate, or the operation of, Defendant's Display, including verbal or pictorial instructions.

**RESPONSE TO REQUEST NO. 20:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 21:**

Produce all documents that describe or depict the different parts of Defendant's Display, including, but not limited to, any mechanical devices that control Defendant's Display, any electronic equipment that controls Defendant's Display, and the different pieces of Defendant's Display.

**RESPONSE TO REQUEST NO. 21:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 22:**

Produce all documents which evidence or refer to any copyright, trademark, or patent application or registration submitted to, tendered to, or obtained by or for Defendant from the United States Copyright or the U.S. Patent and Trademark Office for Defendant's Display, including, but not limited to, any copyright, trademark, or patent application or registration assigned to Defendant.  This request seeks all responsive documents through time of trial regardless of date and is not intended to be limited by the Time Frame set forth above.

**RESPONSE TO REQUEST NO. 22:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 23:**

Produce all documents that identify, compare, contrast or evidence any differences or similarities between Plaintiff's Patent and Defendant's Display.

**RESPONSE TO REQUEST NO. 23:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is vague and ambiguous; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

1      Defendant will produce all responsive, non-privileged documents in its custody

2  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

3  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

4  Protective Order.

5  **REQUEST NO. 24:**

6      Produce all documents which evidence or refer to when Defendant became aware

7  of the existence of Plaintiff's Patents or any of the patent applications from which they

8  issued.

9  **RESPONSE TO REQUEST NO. 24:**

10      Defendant hereby incorporates each of her General Objections as if set forth

11  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

12  documents that are protected from disclosure by the attorney-client privilege and/or the

13  attorney work-product doctrine, applicable regulatory privileges or any other privilege

14  or immunity; (ii) seeks documents in which parties or non-parties may have a

15  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

16  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

17  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

18  without waiving, the foregoing objections and the General Objections:

19      Defendant will produce all responsive, non-privileged documents in its custody

20  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

21  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

22  Protective Order.

23  **REQUEST NO. 25:**

24      Produce all documents which evidence or refer to when Defendant became aware

25  of Plaintiff's inventions shown in the Plaintiff's Patents.

26  **RESPONSE TO REQUEST NO. 25:**

27      Defendant hereby incorporates each of her General Objections as if set forth

28  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

1  documents that are protected from disclosure by the attorney-client privilege and/or the

2  attorney work-product doctrine, applicable regulatory privileges or any other privilege

3  or immunity; (ii) seeks documents in which parties or non-parties may have a

4  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

5  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

6  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

7  without waiving, the foregoing objections and the General Objections:

8       Defendant will produce all responsive, non-privileged documents in its custody

9  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

10  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

11  Protective Order.

12  **REQUEST NO. 26:**

13       Produce all documents that demonstrate or evidence how concert tour revenue is

14  allocated or distributed to Defendant or any individuals, companies, or entities related

15  to Defendant, including, but not limited to, any financial documents and summaries

16  that would demonstrate such allocations or distributions.

17  **RESPONSE TO REQUEST NO. 26:**

18       Defendant hereby incorporates each of her General Objections as if set forth

19  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not

20  reasonably calculated to lead to the discovery of admissible evidence in this action;

21  (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks

22  documents that are protected from disclosure by the attorney-client privilege and/or the

23  attorney work-product doctrine, applicable regulatory privileges or any other privilege

24  or immunity; (v) is not limited to a time period relevant to the events material to this

25  action; (vi) seeks documents in which parties or non-parties may have a legitimate

26  right or expectation of privacy pursuant to constitutional, statutory or case law; and

27  (vii) seeks proprietary or confidential information or trade secrets belonging to

28  Defendant or third parties with whom Defendant deals or has dealt.

**REQUEST NO. 27:**

Produce all documents evidencing or referring to any advertising revenue received by Defendant or any individual, company, or entity related to Defendant for Defendant's Circus Tour, including but not limited to, any revenue received from Virgin Mobile.

**RESPONSE TO REQUEST NO. 27:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (vi) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.

**REQUEST NO. 28:**

Produce all documents that evidence or refer to any inquiry or question received by Defendant as to whether Defendant's Display was manufactured, produced, distributed, sponsored, approved, licensed or sold by Plaintiff.

**RESPONSE TO REQUEST NO. 28:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

1   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

2   without waiving, the foregoing objections and the General Objections:

3         Defendant will produce all responsive, non-privileged documents in its custody

4   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

5   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

6   Protective Order.

7   **REQUEST NO. 29:**

8         Produce all documents that evidence or refer to any attempts by Defendant or a

9   third party to design around the Plaintiff's Patents.

10  **RESPONSE TO REQUEST NO. 29:**

11       Defendant hereby incorporates each of her General Objections as if set forth

12  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague

13  and ambiguous; (ii) seeks documents that are protected from disclosure by the

14  attorney-client privilege and/or the attorney work-product doctrine, applicable

15  regulatory privileges or any other privilege or immunity; (iii) seeks documents in

16  which parties or non-parties may have a legitimate right or expectation of privacy

17  pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

18  confidential information or trade secrets belonging to Defendant or third parties with

19  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

20  objections and the General Objections:

21       Defendant will produce all responsive, non-privileged documents in its custody

22  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

23  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

24  Protective Order.

25  **REQUEST NO. 30:**

26       Excluding the Suit, produce all documents which refer to any claims for patent

27  infringement that have been asserted against or on behalf of Defendant, including, but not

28

1  limited to, documents discussing or referencing opinions of counsel, litigation,

2  proposed litigation, or threatened litigation.

3  **RESPONSE TO REQUEST NO. 30:**

4    Defendant hereby incorporates each of her General Objections as if set forth

5  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not

6  reasonably calculated to lead to the discovery of admissible evidence in this action;

7  (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks

8  documents that are protected from disclosure by the attorney-client privilege and/or the

9  attorney work-product doctrine, applicable regulatory privileges or any other privilege

10 or immunity; (v) is not limited to a time period relevant the events material to this

11 action; (vi) seeks documents in which parties or non-parties may have a legitimate

12 right or expectation of privacy pursuant to constitutional, statutory or case law; and

13 (vii) seeks proprietary or confidential information or trade secrets belonging to

14 Defendant or third parties with whom Defendant deals or has dealt.

15 **REQUEST NO. 31:**

16   Produce any agreement(s) or drafts of agreements between Defendant and any

17 third party, which provides for the assumption of any defense on Defendant's behalf by

18 such third party, or which agrees to indemnify or hold Defendant harmless for any

19 claims made against Defendant by Plaintiff in this Suit.

20 **RESPONSE TO REQUEST NO. 31:**

21   Defendant hereby incorporates each of her General Objections as if set forth

22 verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

23 documents that are protected from disclosure by the attorney-client privilege and/or the

24 attorney work-product doctrine, applicable regulatory privileges or any other privilege

25 or immunity; (ii) seeks documents in which parties or non-parties may have a

26 legitimate right or expectation of privacy pursuant to constitutional, statutory or case

27 law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

28

1  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and
2  without waiving, the foregoing objections and the General Objections:

3       Defendant will produce all responsive, non-privileged documents in its custody
4  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil
5  Procedure 26 and 34, following the entry of an appropriate Confidentiality and
6  Protective Order.

7  **REQUEST NO. 32:**

8       Produce all documents received from or sent to any third party manufacturers,
9  customers, ticket purchasers, fans, or any other third party, which relate to Plaintiff,
10  Plaintiff's inventions, Plaintiff's Patents, the Suit, or Defendant's Display.

11  **RESPONSE TO REQUEST NO. 32:**

12       Defendant hereby incorporates each of her General Objections as if set forth
13  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not
14  reasonably calculated to lead to the discovery of admissible evidence in this action;
15  (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks
16  documents that are protected from disclosure by the attorney-client privilege and/or the
17  attorney work-product doctrine, applicable regulatory privileges or any other privilege
18  or immunity; (v) seeks documents in which parties or non-parties may have a
19  legitimate right or expectation of privacy pursuant to constitutional, statutory or case
20  law; and (vi) seeks proprietary or confidential information or trade secrets belonging to
21  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and
22  without waiving, the foregoing objections and the General Objections:

23       Defendant will produce all responsive, non-privileged documents in its custody
24  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil
25  Procedure 26 and 34, following the entry of an appropriate Confidentiality and
26  Protective Order.

27
28

**REQUEST NO. 33:**

Produce all documents that have been identified or referenced by Defendant in response to any interrogatory served on Defendant in this Suit.

**RESPONSE TO REQUEST NO. 33:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 34:**

Produce all documents, data compilations, software, test protocols/information/results, videos, sound recordings and tangible things that depict, discuss, or refer to Defendant's Display or Plaintiff's Patent.

**RESPONSE TO REQUEST NO. 34:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege

1  or immunity; (v) seeks documents in which parties or non-parties may have a

2  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

3  law; and (vi) seeks proprietary or confidential information or trade secrets belonging to

4  Defendant or third parties with whom Defendant deals or has dealt.

5  **REQUEST NO. 35:**

6      Produce all documents that evidence or refer to the import, export, transport,

7  or purchase by Defendant of Defendant's Display or any components thereof,

8  including, but not limited to, bills of lading, correspondence to or from importing

9  agents, customs documents, orders, packing slips, product packaging, purchase orders,

10  receipts, software, photos, videos, or other records.

11  **RESPONSE TO REQUEST NO. 35:**

12      Defendant hereby incorporates each of her General Objections as if set forth

13  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not

14  reasonably calculated to lead to the discovery of admissible evidence in this action;

15  (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks

16  documents that are protected from disclosure by the attorney-client privilege and/or the

17  attorney work-product doctrine, applicable regulatory privileges or any other privilege

18  or immunity; (v) seeks documents in which parties or non-parties may have a

19  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

20  law; and (vi) seeks proprietary or confidential information or trade secrets belonging to

21  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

22  without waiving, the foregoing objections and the General Objections:

23      Defendant will produce all responsive, non-privileged documents in its custody

24  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

25  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

26  Protective Order.

27

28

**REQUEST NO. 36:**

Produce all documents that evidence or refer to any and all instances wherein Defendant, the manufacturer of Defendant's Display, or any third party has used any of the inventions disclosed in the Plaintiff's Patents as part of or in the operation of Defendant's Display.

**RESPONSE TO REQUEST NO. 36:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) is not limited to a time period relevant the events material to this action; (vi) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (vii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.

**REQUEST NO. 37:**

Produce all documents reviewed by any consulting expert whose opinions or work product have been reviewed by or relied upon by a testifying expert in this Suit.

**RESPONSE TO REQUEST NO. 37:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is premature at this stage of the litigation; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

1   confidential information or trade secrets belonging to Defendant or third parties with

2   whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

3   objections and the General Objections:

4        Defendant will produce all responsive, non-privileged documents in its custody

5   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

6   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

7   Protective Order.

8   **REQUEST NO. 38:**

9        Produce all documents that constitute the basis for Defendants' allegations, if any,

10  that there exists any prosecution history estoppel in the file history of the Plaintiff's

11  Patents.

12  **RESPONSE TO REQUEST NO. 38:**

13       Defendant hereby incorporates each of her General Objections as if set forth

14  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

15  documents that are protected from disclosure by the attorney-client privilege and/or the

16  attorney work-product doctrine, applicable regulatory privileges or any other privilege

17  or immunity; (ii) seeks documents in which parties or non-parties may have a

18  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

19  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

20  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

21  without waiving, the foregoing objections and the General Objections:

22       Defendant will produce all responsive, non-privileged documents in its custody

23  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

24  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

25  Protective Order.

26

27

28

**REQUEST NO. 39:**

Produce all documents, memos, letters, statements, writings and e-mails between or among employees or other representatives of the Defendant related to Plaintiff, Plaintiff's Patents, or Defendant's Display.

**RESPONSE TO REQUEST NO. 39:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 40:**

Produce all documents that refer to Plaintiff or Darrell Metcalf.

**RESPONSE TO REQUEST NO. 40:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks documents in which parties or non-parties may have a legitimate right or expectation of

privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 41:**

Produce all videotapes or other recordings of any use of Defendant's Display.

**RESPONSE TO REQUEST NO. 41:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is overbroad and unduly burdensome; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 42:**

Produce all documents that evidence or refer to the testing of Defendant's Display or Plaintiff's Patent.

**RESPONSE TO REQUEST NO. 42:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 43:**

Produce all documents that identify, discuss, or refer to Defendant's procedures and/or policies for maintenance of documents and other discoverable materials by Defendant in the course of business, including, but not limited to, all documents related to storing e-mails, deleting and/or destroying e-mails, storing documents, and deleting and/or destroying documents.

**RESPONSE TO REQUEST NO. 43:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

1   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

2   without waiving, the foregoing objections and the General Objections:

3        Defendant will produce all responsive, non-privileged documents in its custody

4   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

5   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

6   Protective Order.

7   **REQUEST NO. 44:**

8        Produce all documents which constitute communications (including emails,

9   letters, faxes, text messages, etc.) between Defendant and any other defendant(s) in this

10   Suit discussing or referring to Defendant's Display (or any component thereof), or

11   Plaintiff's Patents.

12   **RESPONSE TO REQUEST NO. 44:**

13        Defendant hereby incorporates each of her General Objections as if set forth

14   verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

15   documents that are protected from disclosure by the attorney-client privilege and/or the

16   attorney work-product doctrine, applicable regulatory privileges or any other privilege

17   or immunity; (ii) seeks documents in which parties or non-parties may have a

18   legitimate right or expectation of privacy pursuant to constitutional, statutory or case

19   law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

20   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

21   without waiving, the foregoing objections and the General Objections:

22        Defendant will produce all responsive, non-privileged documents in its custody

23   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

24   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

25   Protective Order.

26   **REQUEST NO. 45:**

27        Produce all email, letters and other documents which constitute communications

28   (including emails, letters, faxes, text messages, etc.) between Defendant and Roadrage

Group, LTD, Roadwerx, Inc., Geodezik (a/k/a VYV Corp.), SoloTech, Eric Pierce,
NEP Screenworks, Danny O'Bryen or Torn McCracken, discussing or referring to
Defendant's Display (or any component thereof), Plaintiff's Patents, this Suit, or any
facts related to this Suit.

**RESPONSE TO REQUEST NO. 45:**

Defendant hereby incorporates each of her General Objections as if set forth
verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not
reasonably calculated to lead to the discovery of admissible evidence in this action;
(ii) is overbroad; (iii) is vague and ambiguous; (iv) seeks documents that are protected
from disclosure by the attorney-client privilege and/or the attorney work-product
doctrine, applicable regulatory privileges or any other privilege or immunity; (v) seeks
documents in which parties or non-parties may have a legitimate right or expectation of
privacy pursuant to constitutional, statutory or case law; and (vi) seeks proprietary or
confidential information or trade secrets belonging to Defendant or third parties with
whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing
objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody
or control sufficient to satisfy this Request pursuant to Federal Rules of Civil
Procedure 26 and 34, following the entry of an appropriate Confidentiality and
Protective Order.

**REQUEST NO. 46:**

Produce all email, letters and other documents which constitute communications
(including emails, letters, faxes, text messages, etc.) between Defendant and Steve
Dixon or Music Tour Management, Inc. discussing or referring to Defendant's Display
(or any component thereof), Plaintiff's Patents, this Suit, or any facts related to this
Suit.

**RESPONSE TO REQUEST NO. 46:**

Defendant hereby incorporates each of her General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**PRYOR CASHMAN LLP**

Dated:  December 13. 2011      By:

Michael J. Niborski
Andrew S. Langsam
Stephanie R. Kline

***Attorneys for Defendants***
Tennman Productions, LLC, Justin
Timberlake, Britney Touring, Inc., and
Britney Spears

# PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )   Ss
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 1801 Century Park East, 24th Floor, Los Angeles, CA 90067. On December 13, 2011, I served the following document(s) described as: **RESPONSES OF DEFENDANT BRITNEY SPEARS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

**[SEE ATTACHED SERVICE LIST]**

☐ **(VIA PERSONAL SERVICE** By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth below.

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☒ **(VIA EMAIL)** By causing such document to be delivered electronically to the registered email address set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐ **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth below by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am admitted to the bar of this court, or employed in the office of a member of the bar of this court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on December 13, 2011, at Los Angeles, California.

_____
Laura Willis
[Type or Print Name]

_____
[Signature]

34

1

## SERVICE LIST

2

**THE BURK LAW FIRM, P.C.**
Michael G. Burk (admitted *pro hac vice*)

3
burk@burklaw.com
278 Addie Roy Road, Suite A-203

4
Austin, Texas 78746

5
Tel:  (512) 306-9828 / Fax:  (512) 306-9825

6
**MEYERTONS, HOOD, KIVLIN, KOWERT & GOETZEL, P.C.**
Eric B. Meyertons (admitted *pro hac vice*)

7
emeyertons@intprop.com

8
700 Lavaca, Suite 800
Austin, Texas 78701

9
Tel:  (512) 853-8800 / Fax:  (512) 853-8801

10
**GROBATY AND PITET LLP**
Christopher L. Pitet (SBN 196861)

11
cpitet@octrials.com

12
100 Bayview Circle, Suite 201
Newport Beach, CA 92660

13
Tel:  (949) 502-7760 / Fax:  (949) 502-7762

14

*Attorneys for Plaintiff Large Audience Display Systems LLC*

15

16
**JEFFER MANGELS BUTLER & MITCHELL LLP**
Rod S. Berman (SBN 105444), rxb@jmbm.com

17
Stanley M. Gibson (SBN 162329), smg@jmbm.com
Jessica C. Bromall (SBN 235017), jzb@jmbm.com

18
1900 Avenue of the Stars, Seventh Floor

19
Los Angeles, CA 90067
Tel:  (310) 203-8080 / Fax:  (310) 203-0567

20

*Attorneys for Defendant The Los Angeles Lakers, Inc.*

21

22
**MUSIC TOUR MANAGEMENT, INC.**

23
Matthew S. Sprissler
matt@musictourmgmt.com

24
60 Research Drive
Milford, CT 06460

25
Tel:  (203) 502-4500 / Fax:  (203) 502-4502
Alternate Tel:  (714) 758-5351

26

27
*Attorneys for Defendants Steve Dixon and Music Tour Management, Inc.*

28

1   Michael J. Niborski (State Bar No. 192111)
    e-mail: mniborski@pryorcashman.com
2   **PRYOR CASHMAN LLP**
    1801 Century Park East, 24th Floor
3   Los Angeles, California 90067-2302
    Tel: (310) 556-9608
4   Fax: (310) 556-9670

5   Andrew S. Langsam (admitted *pro hac vice*)
    e-mail: alangsam@pryorcashman.com
6   Stephanie R. Kline (admitted *pro hac vice*)
    e-mail: skline@pryorcashman.com
7   **PRYOR CASHMAN LLP**
    7 Times Square
8   New York, New York 10036-6569
    Tel: (212) 326-0180
9   Fax: (212) 515-6969

10  *Attorneys for Defendants*
    Tennman Productions, LLC, Justin Timberlake,
11  Britney Touring, Inc., and Britney Spears

12          UNITED STATES DISTRICT COURT

13          CENTRAL DISTRICT OF CALIFORNIA

14

15  LARGE AUDIENCE DISPLAY            ) Case No. CV 11-03398 AHM (RZx)
16  SYSTEMS, LLC
                                      ) **RESPONSES OF DEFENDANT**
17                                    **BRITNEY TOURING, INC. TO**
              Plaintiff,              **PLAINTIFF'S FIRST SET OF**
18                                    **REQUESTS FOR PRODUCTION**
         vs.                          **OF DOCUMENTS**
19

20  TENNMAN PRODUCTIONS, LLC,
21  JUSTIN TIMBERLAKE, LOS ANGELES
    LAKERS, INC., BRITNEY TOURING,
22  INC., BRITNEY SPEARS, STEVE
    DIXON and MUSIC TOUR
23  MANAGEMENT, INC.,
24
25            Defendants.
26
27
28

PROPOUNDING PARTY:     LARGE AUDIENCE DISPLAY SYSTEMS, LLC

RESPONDING PARTY:      BRITNEY TOURING, INC.

SET NO:                ONE [Request Nos. 1 – 47]

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant BRITNEY TOURING, INC. ("Defendant") hereby responds and objects to the First Set of Requests for Production of Documents (the "Requests") propounded by LARGE AUDIENCE DISPLAY SYSTEMS, LLC ("Plaintiff") as follows:

### PRELIMINARY STATEMENT

Defendant responds to the Requests based upon the investigation conducted in the time available since service of the Requests.  As of the date of these Responses, Defendant has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiff and/or third parties.  As a consequence, Defendant's Responses are based upon information now known to Defendant and that Defendant believes to be relevant to the subject matter covered by the Requests.  In the future, Defendant may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Requests and Defendant's Responses thereto.  Without in any way obligating itself to do so, Defendant reserves the right: (a) to make subsequent revisions or amendments to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (b) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein.  Defendant incorporates this Preliminary Statement into each Response herein as if fully set forth.

### GENERAL OBJECTIONS

1.     Subject to each and every general objection and each and every specific objection stated herein, Defendant responds to the Requests as set forth below.

1

Defendant's statements in response to the Requests shall not be construed to be a waiver of any of the general or specific objections interposed herein.

2.      Defendant objects to the Requests to the extent they seek to impose burdens on Defendant that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of the Court.  Defendant will respond consistent with the statutory requirements.

3.      Defendant objects to the Requests to the extent that they seek documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other applicable privilege or immunity.

4.      Defendant objects to the Requests to the extent that they seek documents that are not reasonably calculated to lead to the discovery of admissible evidence in this action.

5.      Defendant objects to the Requests to the extent that they seek confidential, proprietary business documents that belong to Defendant.  Defendant will not provide any such confidential documents without the execution by the parties, and entry by the Court, of an appropriate Confidentiality and Protective Order.

6.      Defendant objects to the Requests to the extent that they seek documents in which Defendant and/or third parties have a legitimate expectation and/or right of privacy pursuant to federal and state constitutions, including the California Constitution (Art. I, § 1), statutes or case law.

7.      Defendant objects to the Requests to the extent that they are not limited to a time period proximate to the events at issue in this action.

8.      Defendant incorporates these general objections into each response herein as if fully set forth.  Without waiving any of these objections, all of which are incorporated by reference in the responses below, Defendant specifically responds to the Requests as follows.

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**REQUEST NO. 1:**

Produce all documents that depict, evidence or refer to the designing, making, using, selling, offering for sale, or importing into the United States, of Defendant's Display.

**RESPONSE TO REQUEST NO. 1:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 2:**

Produce all documents that refer to Plaintiff's Patents.

**RESPONSE TO REQUEST NO. 2:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks

1   documents in which parties or non-parties may have a legitimate right or expectation of

2   privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or

3   confidential information or trade secrets belonging to Defendant or third parties with

4   whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

5   objections and the General Objections:

6        Defendant will produce all responsive, non-privileged documents in its custody

7   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

8   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

9   Protective Order.

10  **REQUEST NO. 3:**

11       Produce all documents that evidence or refer to Defendant's efforts to

12  determine whether or not the use of Defendant's Display potentially or actually violated

13  any existing U.S. Patents.

14  **RESPONSE TO REQUEST NO. 3:**

15       Defendant hereby incorporates each of its General Objections as if set forth

16  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague

17  and ambiguous; (ii) seeks documents that are protected from disclosure by the

18  attorney-client privilege and/or the attorney work-product doctrine, applicable

19  regulatory privileges or any other privilege or immunity; (iii) seeks documents in

20  which parties or non-parties may have a legitimate right or expectation of privacy

21  pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

22  confidential information or trade secrets belonging to Defendant or third parties with

23  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

24  objections and the General Objections:

25       Defendant will produce all responsive, non-privileged documents in its custody

26  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

27  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

28  Protective Order.

**REQUEST NO. 4:**

Produce all documents that evidence or refer to when Defendant sought the advice of counsel regarding the Plaintiff's Patents or Plaintiff.

**RESPONSE TO REQUEST NO. 4:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague and ambiguous; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 5:**

Produce all insurance policies owned by Defendant that cover Defendant's Display or use or misuse of that Display, including, without limitation, the declarations page, endorsements, amendments and reservation of rights letters issued as to such policies.

**RESPONSE TO REQUEST NO. 5:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a

1  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

2  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

3  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

4  without waiving, the foregoing objections and the General Objections:

5       Defendant will produce all responsive, non-privileged documents in its custody

6  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

7  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

8  Protective Order.

9  **REQUEST NO. 6:**

10       Produce all documents that evidence the manufacturer(s) of Defendant's Display.

11  **RESPONSE TO REQUEST NO. 6:**

12       Defendant hereby incorporates each of its General Objections as if set forth

13  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

14  documents that are protected from disclosure by the attorney-client privilege and/or the

15  attorney work-product doctrine, applicable regulatory privileges or any other privilege

16  or immunity; (ii) seeks documents in which parties or non-parties may have a

17  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

18  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

19  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

20  without waiving, the foregoing objections and the General Objections:

21       Defendant will produce all responsive, non-privileged documents in its custody

22  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

23  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

24  Protective Order.

25  **REQUEST NO. 7:**

26       Produce all documents that evidence or refer to Defendant's purchase of

27  Defendant's Display.

28

6

**RESPONSE TO REQUEST NO. 7:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 8:**

Produce all emails, letters, agreements or other documents that discuss or refer to Defendant's Display and Plaintiff's Patents, including, but not limited to, any letters or agreements by Defendant to, from, or with any manufacturer of Defendant's Display.

**RESPONSE TO REQUEST NO. 8:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or confidential information or trade secrets belonging to

1  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and
2  without waiving, the foregoing objections and the General Objections:
3       Defendant will produce all responsive, non-privileged documents in its custody
4  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil
5  Procedure 26 and 34, following the entry of an appropriate Confidentiality and
6  Protective Order.

7  **REQUEST NO. 9:**
8       Produce all documents considered by any expert testifying witness in
9  formulating any opinions that may be used or relied upon in the Suit.

10  **RESPONSE TO REQUEST NO. 9:**
11       Defendant hereby incorporates each of its General Objections as if set forth
12  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is
13  premature at this stage of the litigation; (ii) is overbroad and unduly burdensome;
14  (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure
15  by the attorney-client privilege and/or the attorney work-product doctrine, applicable
16  regulatory privileges or any other privilege or immunity; (v) seeks documents in which
17  parties or non-parties may have a legitimate right or expectation of privacy pursuant to
18  constitutional, statutory or case law; and (vi) seeks proprietary or confidential
19  information or trade secrets belonging to Defendant or third parties with whom
20  Defendant deals or has dealt.  Subject to, and without waiving, the foregoing
21  objections and the General Objections:
22       Defendant will produce all responsive, non-privileged documents in its custody
23  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil
24  Procedure 26 and 34, following the entry of an appropriate Confidentiality and
25  Protective Order.

26  **REQUEST NO. 10:**
27       Produce all documents received by Defendant from any expert witness who may
28  testify or offer an opinion at trial regarding any aspect of the Suit.

**RESPONSE TO REQUEST NO. 10:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is premature at this stage of the litigation; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 11:**

Produce all documents that evidence the designer(s) of Defendant's Display.

**RESPONSE TO REQUEST NO. 11:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

1     Defendant will produce all responsive, non-privileged documents in its custody

2 or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

3 Procedure 26 and 34, following the entry of an appropriate Confidentiality and

4 Protective Order.

5 **REQUEST NO. 12:**

6     Produce all documents that discuss or refer to any U.S. Patents that any

7 manufacturer of Defendant's Display claims covers or relates to Defendant's Display.

8 **RESPONSE TO REQUEST NO. 12:**

9     Defendant hereby incorporates each of its General Objections as if set forth

10 verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

11 overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents

12 that are protected from disclosure by the attorney-client privilege and/or the attorney

13 work-product doctrine, applicable regulatory privileges or any other privilege or

14 immunity; (iv) seeks documents in which parties or non-parties may have a legitimate

15 right or expectation of privacy pursuant to constitutional, statutory or case law; and

16 (v) seeks proprietary or confidential information or trade secrets belonging to

17 Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

18 without waiving, the foregoing objections and the General Objections:

19     Defendant will produce all responsive, non-privileged documents in its custody

20 or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

21 Procedure 26 and 34, following the entry of an appropriate Confidentiality and

22 Protective Order.

23 **REQUEST NO. 13:**

24     Produce all documents that discuss or refer to any relevant prior art that allegedly

25 relates to or covers Defendant's Display.  This request seeks all responsive documents

26 through time of trial regardless of date and is not intended to be limited by the Time Frame

27 set forth above.

28

**RESPONSE TO REQUEST NO. 13:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague and ambiguous; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 14:**

Produce all documents which identify or evidence Defendant's gross profits or net profits obtained by any ticket sales, merchandise, product sales, concessions or any other means without limitation to, for any concerts or other events at which Defendant's Display was used, including, but not limited to, all documents showing the amount and description of expenses (including cost of goods sold and overhead) for each item sold, and the means of and basis for calculation of such expenses (including cost of goods sold and overhead).

**RESPONSE TO REQUEST NO. 14:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome, (iii) is vague and ambiguous; (iv) seeks

1   documents that are protected from disclosure by the attorney-client privilege and/or the

2   attorney work-product doctrine, applicable regulatory privileges or any other privilege

3   or immunity; (v) seeks documents in which parties or non-parties may have a

4   legitimate right or expectation of privacy pursuant to constitutional, statutory or case

5   law; and (vi) seeks proprietary or confidential information or trade secrets belonging to

6   Defendant or third parties with whom Defendant deals or has dealt.

7   **REQUEST NO. 15:**

8       Produce all documents which identify or evidence the number of

9   performances or other events at which Defendant's Display has been used.

10  **RESPONSE TO REQUEST NO. 15:**

11      Defendant hereby incorporates each of its General Objections as if set forth

12  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

13  overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents

14  that are protected from disclosure by the attorney-client privilege and/or the attorney

15  work-product doctrine, applicable regulatory privileges or any other privilege or

16  immunity; (iv) seeks documents in which parties or non-parties may have a legitimate

17  right or expectation of privacy pursuant to constitutional, statutory or case law; and

18  (v) seeks proprietary or confidential information or trade secrets belonging to

19  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

20  without waiving, the foregoing objections and the General Objections:

21      Defendant will produce all responsive, non-privileged documents in its custody

22  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

23  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

24  Protective Order.

25  **REQUEST NO. 16:**

26      Produce all documents received by or created by Defendant that refer to, or

27  depict images of, Defendant's Display.

28

**RESPONSE TO REQUEST NO. 16:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 17:**

Produce all documents which discuss or refer to the marketing by Defendant of performances or other events utilizing Defendant's Display, including, but not limited to, advertising material, web pages, articles, press releases, agreements, brochures, and materials provided to employees, customers, fans, or the general public.

**RESPONSE TO REQUEST NO. 17:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) is not limited to a time period relevant the events material to this action; (vi) seeks documents in which parties or non-parties may have a legitimate

1  right or expectation of privacy pursuant to constitutional, statutory or case law; and

2  (vii) seeks proprietary or confidential information or trade secrets belonging to

3  Defendant or third parties with whom Defendant deals or has dealt.

4  **REQUEST NO. 18:**

5      Produce all documents constituting or evidencing (a) what Defendant alleges to

6  be prior art, or (b) other information relevant to the enforceability, validity,

7  infringement, or enforcement of the Plaintiff's Patents. This request seeks all

8  responsive documents through time of trial regardless of date and is not intended to be

9  limited by the Time Frame set forth above.

10  **RESPONSE TO REQUEST NO. 18:**

11      Defendant hereby incorporates each of its General Objections as if set forth

12  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

13  documents that are protected from disclosure by the attorney-client privilege and/or the

14  attorney work-product doctrine, applicable regulatory privileges or any other privilege

15  or immunity; (ii) seeks documents in which parties or non-parties may have a

16  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

17  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

18  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

19  without waiving, the foregoing objections and the General Objections:

20      Defendant will produce all responsive, non-privileged documents in its custody

21  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

22  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

23  Protective Order.

24  **REQUEST NO. 19:**

25      Produce all documents which relate or refer to the prosecution history of the

26  Plaintiff's Patents.

27

28

**RESPONSE TO REQUEST NO. 19:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is overbroad and unduly burdensome; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 20:**

Produce all documents that describe how to operate, or the operation of, Defendant's Display, including verbal or pictorial instructions.

**RESPONSE TO REQUEST NO. 20:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

1   Defendant will produce all responsive, non-privileged documents in its custody

2   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

3   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

4   Protective Order.

5   **REQUEST NO. 21:**

6   Produce all documents that describe or depict the different parts of

7   Defendant's Display, including, but not limited to, any mechanical devices that

8   control Defendant's Display, any electronic equipment that controls Defendant's

9   Display, and the different pieces of Defendant's Display.

10  **RESPONSE TO REQUEST NO. 21:**

11  Defendant hereby incorporates each of its General Objections as if set forth

12  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

13  overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents

14  that are protected from disclosure by the attorney-client privilege and/or the attorney

15  work-product doctrine, applicable regulatory privileges or any other privilege or

16  immunity; (iv) seeks documents in which parties or non-parties may have a legitimate

17  right or expectation of privacy pursuant to constitutional, statutory or case law; and

18  (v) seeks proprietary or confidential information or trade secrets belonging to

19  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

20  without waiving, the foregoing objections and the General Objections:

21  Defendant will produce all responsive, non-privileged documents in its custody

22  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

23  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

24  Protective Order.

25  **REQUEST NO. 22:**

26  Produce all documents which evidence or refer to any copyright, trademark,

27  or patent application or registration submitted to, tendered to, or obtained by or for

28  Defendant from the United States Copyright or the U.S. Patent and Trademark Office

1   for Defendant's Display, including, but not limited to, any copyright, trademark, or

2   patent application or registration assigned to Defendant.  This request seeks all responsive

3   documents through time of trial regardless of date and is not intended to be limited by the

4   Time Frame set forth above.

5   **RESPONSE TO REQUEST NO. 22:**

6        Defendant hereby incorporates each of its General Objections as if set forth

7   verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

8   documents that are protected from disclosure by the attorney-client privilege and/or the

9   attorney work-product doctrine, applicable regulatory privileges or any other privilege

10   or immunity; (ii) seeks documents in which parties or non-parties may have a

11   legitimate right or expectation of privacy pursuant to constitutional, statutory or case

12   law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

13   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

14   without waiving, the foregoing objections and the General Objections:

15        Defendant will produce all responsive, non-privileged documents in its custody

16   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

17   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

18   Protective Order.

19   **REQUEST NO. 23:**

20        Produce all documents that identify, compare, contrast or evidence any

21   differences or similarities between Plaintiff's Patent and Defendant's Display.

22   **RESPONSE TO REQUEST NO. 23:**

23        Defendant hereby incorporates each of its General Objections as if set forth

24   verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague

25   and ambiguous; (ii) seeks documents that are protected from disclosure by the

26   attorney-client privilege and/or the attorney work-product doctrine, applicable

27   regulatory privileges or any other privilege or immunity; (iii) seeks documents in

28   which parties or non-parties may have a legitimate right or expectation of privacy

1   pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

2   confidential information or trade secrets belonging to Defendant or third parties with

3   whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

4   objections and the General Objections:

5        Defendant will produce all responsive, non-privileged documents in its custody

6   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

7   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

8   Protective Order.

9   **REQUEST NO. 24:**

10       Produce all documents which evidence or refer to when Defendant became aware

11  of the existence of Plaintiff's Patents or any of the patent applications from which they

12  issued.

13  **RESPONSE TO REQUEST NO. 24:**

14       Defendant hereby incorporates each of its General Objections as if set forth

15  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

16  documents that are protected from disclosure by the attorney-client privilege and/or the

17  attorney work-product doctrine, applicable regulatory privileges or any other privilege

18  or immunity; (ii) seeks documents in which parties or non-parties may have a

19  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

20  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

21  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

22  without waiving, the foregoing objections and the General Objections:

23       Defendant will produce all responsive, non-privileged documents in its custody

24  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

25  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

26  Protective Order.

27

28

**REQUEST NO. 25:**

Produce all documents which evidence or refer to when Defendant became aware of Plaintiff's inventions shown in the Plaintiff's Patents.

**RESPONSE TO REQUEST NO. 25:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 26:**

Produce all documents that demonstrate or evidence how concert tour revenue is allocated or distributed to Defendant or any individuals, companies, or entities related to Defendant, including, but not limited to, any financial documents and summaries that would demonstrate such allocations or distributions.

**RESPONSE TO REQUEST NO. 26:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the

attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) is not limited to a time period relevant to the events material to this action; (vi) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (vii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.

**REQUEST NO. 27:**

For the time period from January 1, 2007 through date of trial, please produce all of Defendant's audited and unaudited financial documents, including, without limitation, all financial statements, profit and loss statements, declarations of net worth, and statements of financial holdings documents.

**RESPONSE TO REQUEST NO. 27:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) is not limited to a time period relevant to the events material to this action; (vi) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (vii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.

**REQUEST NO. 28:**

Produce all documents evidencing or referring to any advertising revenue received by Defendant or any individual, company, or entity related to Defendant for Ms. Britney Spears' Circus Tour, including but not limited to, any revenue received from Virgin Mobile.

**RESPONSE TO REQUEST NO. 28:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (vi) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.

**REQUEST NO. 29:**

Produce all documents that evidence or refer to any inquiry or question received by Defendant as to whether Defendant's Display was manufactured, produced, distributed, sponsored, approved, licensed or sold by Plaintiff.

**RESPONSE TO REQUEST NO. 29:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

1  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

2  Protective Order.

3  **REQUEST NO. 30:**

4      Produce all documents that evidence or refer to any attempts by Defendant or a

5  third party to design around the Plaintiff's Patents.

6  **RESPONSE TO REQUEST NO. 30:**

7      Defendant hereby incorporates each of its General Objections as if set forth

8  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague

9  and ambiguous; (ii) seeks documents that are protected from disclosure by the

10  attorney-client privilege and/or the attorney work-product doctrine, applicable

11  regulatory privileges or any other privilege or immunity; (iii) seeks documents in

12  which parties or non-parties may have a legitimate right or expectation of privacy

13  pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

14  confidential information or trade secrets belonging to Defendant or third parties with

15  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

16  objections and the General Objections:

17      Defendant will produce all responsive, non-privileged documents in its custody

18  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

19  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

20  Protective Order.

21  **REQUEST NO. 31:**

22      Excluding the Suit, produce all documents which refer to any claims for patent

23  infringement that have been asserted against or on behalf of Defendant, including, but not

24  limited to, documents discussing or referencing opinions of counsel, litigation,

25  proposed litigation, or threatened litigation.

26  **RESPONSE TO REQUEST NO. 31:**

27      Defendant hereby incorporates each of its General Objections as if set forth

28  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not

1  reasonably calculated to lead to the discovery of admissible evidence in this action;

2  (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks

3  documents that are protected from disclosure by the attorney-client privilege and/or the

4  attorney work-product doctrine, applicable regulatory privileges or any other privilege

5  or immunity; (v) is not limited to a time period relevant the events material to this

6  action; (vi) seeks documents in which parties or non-parties may have a legitimate

7  right or expectation of privacy pursuant to constitutional, statutory or case law; and

8  (vii) seeks proprietary or confidential information or trade secrets belonging to

9  Defendant or third parties with whom Defendant deals or has dealt.

10 **REQUEST NO. 32:**

11        Produce any agreement(s) or drafts of agreements between Defendant and any

12 third party, which provides for the assumption of any defense on Defendant's behalf by

13 such third party, or which agrees to indemnify or hold Defendant harmless for any

14 claims made against Defendant by Plaintiff in this Suit.

15 **RESPONSE TO REQUEST NO. 32:**

16        Defendant hereby incorporates each of its General Objections as if set forth

17 verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

18 documents that are protected from disclosure by the attorney-client privilege and/or the

19 attorney work-product doctrine, applicable regulatory privileges or any other privilege

20 or immunity; (ii) seeks documents in which parties or non-parties may have a

21 legitimate right or expectation of privacy pursuant to constitutional, statutory or case

22 law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

23 Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

24 without waiving, the foregoing objections and the General Objections:

25        Defendant will produce all responsive, non-privileged documents in its custody

26 or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

27 Procedure 26 and 34, following the entry of an appropriate Confidentiality and

28 Protective Order.

**REQUEST NO. 33:**

Produce all documents received from or sent to any third party manufacturers, customers, ticket purchasers, fans, or any other third party, which relate to Plaintiff, Plaintiff's inventions, Plaintiff's Patents, the Suit, or Defendant's Display.

**RESPONSE TO REQUEST NO. 33:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (vi) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 34:**

Produce all documents that have been identified or referenced by Defendant in response to any interrogatory served on Defendant in this Suit.

**RESPONSE TO REQUEST NO. 34:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege

or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 35:**

Produce all documents, data compilations, software, test protocols/information/results, videos, sound recordings and tangible things that depict, discuss, or refer to Defendant's Display or Plaintiff's Patent.

**RESPONSE TO REQUEST NO. 35:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (vi) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.

**REQUEST NO. 36:**

Produce all documents that evidence or refer to the import, export, transport, or purchase by Defendant of Defendant's Display or any components thereof, including, but not limited to, bills of lading, correspondence to or from importing

1  agents, customs documents, orders, packing slips, product packaging, purchase orders,

2  receipts, software, photos, videos, or other records.

3  **RESPONSE TO REQUEST NO. 36:**

4      Defendant hereby incorporates each of its General Objections as if set forth

5  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not

6  reasonably calculated to lead to the discovery of admissible evidence in this action;

7  (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks

8  documents that are protected from disclosure by the attorney-client privilege and/or the

9  attorney work-product doctrine, applicable regulatory privileges or any other privilege

10  or immunity; (v) seeks documents in which parties or non-parties may have a

11  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

12  law; and (vi) seeks proprietary or confidential information or trade secrets belonging to

13  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

14  without waiving, the foregoing objections and the General Objections:

15      Defendant will produce all responsive, non-privileged documents in its custody

16  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

17  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

18  Protective Order.

19  **REQUEST NO. 37:**

20      Produce all documents that evidence or refer to any and all instances wherein

21  Defendant, the manufacturer of Defendant's Display, or any third party has used any of

22  the inventions disclosed in the Plaintiff's Patents as part of or in the operation of

23  Defendant's Display.

24  **RESPONSE TO REQUEST NO. 37:**

25      Defendant hereby incorporates each of its General Objections as if set forth

26  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not

27  reasonably calculated to lead to the discovery of admissible evidence in this action;

28  (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks

1   documents that are protected from disclosure by the attorney-client privilege and/or the

2   attorney work-product doctrine, applicable regulatory privileges or any other privilege

3   or immunity; (v) is not limited to a time period relevant the events material to this

4   action; (vi) seeks documents in which parties or non-parties may have a legitimate

5   right or expectation of privacy pursuant to constitutional, statutory or case law; and

6   (vii) seeks proprietary or confidential information or trade secrets belonging to

7   Defendant or third parties with whom Defendant deals or has dealt.

8   **REQUEST NO. 38:**

9        Produce all documents reviewed by any consulting expert whose opinions or work

10  product have been reviewed by or relied upon by a testifying expert in this Suit.

11  **RESPONSE TO REQUEST NO. 38:**

12       Defendant hereby incorporates each of its General Objections as if set forth

13  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

14  premature at this stage of the litigation; (ii) seeks documents that are protected from

15  disclosure by the attorney-client privilege and/or the attorney work-product doctrine,

16  applicable regulatory privileges or any other privilege or immunity; (iii) seeks

17  documents in which parties or non-parties may have a legitimate right or expectation of

18  privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

19  confidential information or trade secrets belonging to Defendant or third parties with

20  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

21  objections and the General Objections:

22       Defendant will produce all responsive, non-privileged documents in its custody

23  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

24  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

25  Protective Order.

26

27

28

**REQUEST NO. 39:**

Produce all documents that constitute the basis for Defendants' allegations, if any, that there exists any prosecution history estoppel in the file history of the Plaintiff's Patents.

**RESPONSE TO REQUEST NO. 39:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 40:**

Produce all documents, memos, letters, statements, writings and e-mails between or among employees or other representatives of the Defendant related to Plaintiff, Plaintiff's Patents, or Defendant's Display.

**RESPONSE TO REQUEST NO. 40:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is overbroad; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or

1   non-parties may have a legitimate right or expectation of privacy pursuant to

2   constitutional, statutory or case law; and (iv) seeks proprietary or confidential

3   information or trade secrets belonging to Defendant or third parties with whom

4   Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

5   objections and the General Objections:

6        Defendant will produce all responsive, non-privileged documents in its custody

7   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

8   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

9   Protective Order.

10  **REQUEST NO. 41:**

11       Produce all documents that refer to Plaintiff or Darrell Metcalf.

12  **RESPONSE TO REQUEST NO. 41:**

13       Defendant hereby incorporates each of its General Objections as if set forth

14  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

15  overbroad; (ii) is vague and ambiguous; (iii) seeks documents that are protected from

16  disclosure by the attorney-client privilege and/or the attorney work-product doctrine,

17  applicable regulatory privileges or any other privilege or immunity; (iv) seeks

18  documents in which parties or non-parties may have a legitimate right or expectation of

19  privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or

20  confidential information or trade secrets belonging to Defendant or third parties with

21  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

22  objections and the General Objections:

23       Defendant will produce all responsive, non-privileged documents in its custody

24  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

25  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

26  Protective Order.

27  **REQUEST NO. 42:**

28       Produce all videotapes or other recordings of any use of Defendant's Display.

**RESPONSE TO REQUEST NO. 42:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad and unduly burdensome; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 43:**

Produce all documents that evidence or refer to the testing of Defendant's Display or Plaintiff's Patent.

**RESPONSE TO REQUEST NO. 43:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 44:**

Produce all documents that identify, discuss, or refer to Defendant's procedures and/or policies for maintenance of documents and other discoverable materials by Defendant in the course of business, including, but not limited to, all documents related to storing e-mails, deleting and/or destroying e-mails, storing documents, and deleting and/or destroying documents.

**RESPONSE TO REQUEST NO. 44:**

Defendant hereby incorporates each of its General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 45:**

Produce all documents which constitute communications (including emails, letters, faxes, text messages, etc.) between Defendant and any other defendant(s) in this

1    Suit discussing or referring to Defendant's Display (or any component thereof), or

2    Plaintiff's Patents.

3    **RESPONSE TO REQUEST NO. 45:**

4         Defendant hereby incorporates each of its General Objections as if set forth

5    verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

6    documents that are protected from disclosure by the attorney-client privilege and/or the

7    attorney work-product doctrine, applicable regulatory privileges or any other privilege

8    or immunity; (ii) seeks documents in which parties or non-parties may have a

9    legitimate right or expectation of privacy pursuant to constitutional, statutory or case

10   law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

11   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

12   without waiving, the foregoing objections and the General Objections:

13        Defendant will produce all responsive, non-privileged documents in its custody

14   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

15   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

16   Protective Order.

17   **REQUEST NO. 46:**

18        Produce all email, letters and other documents which constitute communications

19   (including emails, letters, faxes, text messages, etc.) between Defendant and Roadrage

20   Group, LTD, Roadwerx, Inc., Geodezik (a/k/a VYV Corp.), SoloTech, Eric Pierce,

21   NEP Screenworks, Danny O'Bryen or Torn McCracken, discussing or referring to

22   Defendant's Display (or any component thereof), Plaintiff's Patents, this Suit, or any

23   facts related to this Suit.

24   **RESPONSE TO REQUEST NO. 46:**

25        Defendant hereby incorporates each of its General Objections as if set forth

26   verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not

27   reasonably calculated to lead to the discovery of admissible evidence in this action;

28   (ii) is overbroad; (iii) is vague and ambiguous; (iv) seeks documents that are protected

1  from disclosure by the attorney-client privilege and/or the attorney work-product

2  doctrine, applicable regulatory privileges or any other privilege or immunity; (v) seeks

3  documents in which parties or non-parties may have a legitimate right or expectation of

4  privacy pursuant to constitutional, statutory or case law; and (vi) seeks proprietary or

5  confidential information or trade secrets belonging to Defendant or third parties with

6  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

7  objections and the General Objections:

8      Defendant will produce all responsive, non-privileged documents in its custody

9  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

10  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

11  Protective Order.

12  **REQUEST NO. 47:**

13      Produce all email, letters and other documents which constitute communications

14  (including emails, letters, faxes, text messages, etc.) between Defendant and Steve

15  Dixon or Music Tour Management, Inc. discussing or referring to Defendant's Display

16  (or any component thereof), Plaintiff's Patents, this Suit, or any facts related to this

17  Suit.

18  **RESPONSE TO REQUEST NO. 47:**

19      Defendant hereby incorporates each of its General Objections as if set forth

20  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

21  documents that are protected from disclosure by the attorney-client privilege and/or the

22  attorney work-product doctrine, applicable regulatory privileges or any other privilege

23  or immunity; (ii) seeks documents in which parties or non-parties may have a

24  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

25  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

26  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

27  without waiving, the foregoing objections and the General Objections:

28

1    Defendant will produce all responsive, non-privileged documents in its custody

2   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

3   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

4   Protective Order.

5

6

7

8                                    **PRYOR CASHMAN LLP**

9

10   Dated:  December 13. 2011      By: _____

11                                   Michael J. Niborski
                                     Andrew S. Langsam
12                                   Stephanie R. Kline

13                                   *Attorneys for Defendants*
                                     Tennman Productions, LLC, Justin
14                                   Timberlake, Britney Touring, Inc., and
                                     Britney Spears
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )   Ss
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 1801 Century Park East, 24th Floor, Los Angeles, CA 90067. On December 13, 2011, I served the following document(s) described as: **RESPONSES OF DEFENDANT BRITNEY TOURING, INC. TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

**[SEE ATTACHED SERVICE LIST]**

☐ **(VIA PERSONAL SERVICE)** By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth below.

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☒ **(VIA EMAIL)** By causing such document to be delivered electronically to the registered email address set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐ **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth below by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am admitted to the bar of this court, or employed in the office of a member of the bar of this court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on December 13, 2011, at Los Angeles, California.

Laura Willis
[Type or Print Name]                    [Signature]

35

## SERVICE LIST

**THE BURK LAW FIRM, P.C.**
Michael G. Burk (admitted *pro hac vice*)
burk@burklaw.com
278 Addie Roy Road, Suite A-203
Austin, Texas 78746
Tel:  (512) 306-9828 / Fax:  (512) 306-9825

**MEYERTONS, HOOD, KIVLIN, KOWERT & GOETZEL, P.C.**
Eric B. Meyertons (admitted *pro hac vice*)
emeyertons@intprop.com
700 Lavaca, Suite 800
Austin, Texas 78701
Tel:  (512) 853-8800 / Fax:  (512) 853-8801

**GROBATY AND PITET LLP**
Christopher L. Pitet (SBN 196861)
cpitet@octrials.com
100 Bayview Circle, Suite 201
Newport Beach, CA 92660
Tel:  (949) 502-7760 / Fax:  (949) 502-7762

*Attorneys for Plaintiff Large Audience Display Systems LLC*

**JEFFER MANGELS BUTLER & MITCHELL LLP**
Rod S. Berman (SBN 105444), rxb@jmbm.com
Stanley M. Gibson (SBN 162329), smg@jmbm.com
Jessica C. Bromall (SBN 235017), jzb@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Tel:  (310) 203-8080 / Fax:  (310) 203-0567

*Attorneys for Defendant The Los Angeles Lakers, Inc.*

**MUSIC TOUR MANAGEMENT, INC.**
Matthew S. Sprissler
matt@musictourmgmt.com
60 Research Drive
Milford, CT 06460
Tel:  (203) 502-4500 / Fax:  (203) 502-4502
Alternate Tel:  (714) 758-5351

*Attorneys for Defendants Steve Dixon and Music Tour Management, Inc.*

1   Michael J. Niborski (State Bar No. 192111)
    e-mail: mniborski@pryorcashman.com
2   **PRYOR CASHMAN LLP**
    1801 Century Park East, 24th Floor
3   Los Angeles, California 90067-2302
    Tel: (310) 556-9608
4   Fax: (310) 556-9670

5   Andrew S. Langsam (admitted *pro hac vice*)
    e-mail: alangsam@pryorcashman.com
6   Stephanie R. Kline (admitted *pro hac vice*)
    e-mail: skline@pryorcashman.com
7   **PRYOR CASHMAN LLP**
    7 Times Square
8   New York, New York 10036-6569
    Tel: (212) 326-0180
9   Fax: (212) 515-6969

10  ***Attorneys for Defendants***
    Tennman Productions, LLC, Justin Timberlake,
11  Britney Touring, Inc., and Britney Spears

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15  LARGE AUDIENCE DISPLAY           ) Case No. CV 11-03398 AHM (RZx)
16  SYSTEMS, LLC                     )
17                                   ) **RESPONSES OF DEFENDANT**
                 Plaintiff,          ) **JUSTIN TIMBERLAKE TO**
                                     ) **PLAINTIFF'S FIRST SET OF**
18           vs.                     ) **REQUESTS FOR PRODUCTION**
                                     ) **OF DOCUMENTS**
19                                   )
20  TENNMAN PRODUCTIONS, LLC,        )
21  JUSTIN TIMBERLAKE, LOS ANGELES   )
    LAKERS, INC., BRITNEY TOURING,   )
22  INC., BRITNEY SPEARS, STEVE      )
23  DIXON and MUSIC TOUR             )
    MANAGEMENT, INC.,                )
24                                   )
25              Defendants.          )
26  _____

27

28

PROPOUNDING PARTY:     LARGE AUDIENCE DISPLAY SYSTEMS, LLC

RESPONDING PARTY:      JUSTIN TIMBERLAKE

SET NO:                ONE [Request Nos. 1 – 46]


Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant JUSTIN TIMBERLAKE ("Defendant") hereby responds and objects to the First Set of Requests for Production of Documents (the "Requests") propounded by LARGE AUDIENCE DISPLAY SYSTEMS, LLC ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

Defendant responds to the Requests based upon the investigation conducted in the time available since service of the Requests.  As of the date of these Responses, Defendant has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiff and/or third parties.  As a consequence, Defendant's Responses are based upon information now known to Defendant and that Defendant believes to be relevant to the subject matter covered by the Requests.  In the future, Defendant may discover or acquire additional information, or may discover documents currently in his possession, bearing upon the Requests and Defendant's Responses thereto.  Without in any way obligating himself to do so, Defendant reserves the right: (a) to make subsequent revisions or amendments to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (b) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein.  Defendant incorporates this Preliminary Statement into each Response herein as if fully set forth.

## GENERAL OBJECTIONS

1.      Subject to each and every general objection and each and every specific objection stated herein, Defendant responds to the Requests as set forth below.

1

1  Defendant's statements in response to the Requests shall not be construed to be a

2  waiver of any of the general or specific objections interposed herein.

3      2.      Defendant objects to the Requests to the extent they seek to impose

4  burdens on Defendant that are inconsistent with, or in addition to, his discovery

5  obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of

6  the Court.  Defendant will respond consistent with the statutory requirements.

7      3.      Defendant objects to the Requests to the extent that they seek documents

8  that are protected from disclosure by the attorney-client privilege, the attorney work-

9  product doctrine, applicable regulatory privileges or any other applicable privilege or

10  immunity.

11      4.      Defendant objects to the Requests to the extent that they seek documents

12  that are not reasonably calculated to lead to the discovery of admissible evidence in

13  this action.

14      5.      Defendant objects to the Requests to the extent that they seek confidential,

15  proprietary business documents that belong to Defendant.  Defendant will not provide

16  any such confidential documents without the execution by the parties, and entry by the

17  Court, of an appropriate Confidentiality and Protective Order.

18      6.      Defendant objects to the Requests to the extent that they seek documents

19  in which Defendant and/or third parties have a legitimate expectation and/or right of

20  privacy pursuant to federal and state constitutions, including the California

21  Constitution (Art. I, § 1), statutes or case law.

22      7.      Defendant objects to the Requests to the extent that they are not limited to

23  a time period proximate to the events at issue in this action.

24      8.      Defendant incorporates these general objections into each response herein

25  as if fully set forth.  Without waiving any of these objections, all of which are

26  incorporated by reference in the responses below, Defendant specifically responds to

27  the Requests as follows.

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**REQUEST NO. 1:**

Produce all documents that depict, evidence or refer to the designing, making, using, selling, offering for sale, or importing into the United States, of Defendant's Display.

**RESPONSE TO REQUEST NO. 1:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 2:**

Produce all documents that refer to Plaintiff's Patents.

**RESPONSE TO REQUEST NO. 2:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks

1  documents in which parties or non-parties may have a legitimate right or expectation of

2  privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or

3  confidential information or trade secrets belonging to Defendant or third parties with

4  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

5  objections and the General Objections:

6       Defendant will produce all responsive, non-privileged documents in its custody

7  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

8  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

9  Protective Order.

10 **REQUEST NO. 3:**

11      Produce all documents that evidence or refer to Defendant's efforts to

12 determine whether or not the use of Defendant's Display potentially or actually violated

13 any existing U.S. Patents.

14 **RESPONSE TO REQUEST NO. 3:**

15      Defendant hereby incorporates each of his General Objections as if set forth

16 verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague

17 and ambiguous; (ii) seeks documents that are protected from disclosure by the

18 attorney-client privilege and/or the attorney work-product doctrine, applicable

19 regulatory privileges or any other privilege or immunity; (iii) seeks documents in

20 which parties or non-parties may have a legitimate right or expectation of privacy

21 pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

22 confidential information or trade secrets belonging to Defendant or third parties with

23 whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

24 objections and the General Objections:

25      Defendant will produce all responsive, non-privileged documents in its custody

26 or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

27 Procedure 26 and 34, following the entry of an appropriate Confidentiality and

28 Protective Order.

4

**REQUEST NO. 4:**

Produce all documents that evidence or refer to when Defendant sought the advice of counsel regarding the Plaintiff's Patents or Plaintiff.

**RESPONSE TO REQUEST NO. 4:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague and ambiguous; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 5:**

Produce all insurance policies owned by Defendant that cover Defendant's Display or use or misuse of that Display, including, without limitation, the declarations page, endorsements, amendments and reservation of rights letters issued as to such policies.

**RESPONSE TO REQUEST NO. 5:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a

1   legitimate right or expectation of privacy pursuant to constitutional, statutory or case

2   law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

3   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

4   without waiving, the foregoing objections and the General Objections:

5       Defendant will produce all responsive, non-privileged documents in its custody

6   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

7   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

8   Protective Order.

9   **REQUEST NO. 6:**

10      Produce all documents that evidence the manufacturer(s) of Defendant's Display.

11  **RESPONSE TO REQUEST NO. 6:**

12      Defendant hereby incorporates each of his General Objections as if set forth

13  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

14  documents that are protected from disclosure by the attorney-client privilege and/or the

15  attorney work-product doctrine, applicable regulatory privileges or any other privilege

16  or immunity; (ii) seeks documents in which parties or non-parties may have a

17  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

18  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

19  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

20  without waiving, the foregoing objections and the General Objections:

21      Defendant will produce all responsive, non-privileged documents in its custody

22  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

23  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

24  Protective Order.

25  **REQUEST NO. 7:**

26      Produce all documents that evidence or refer to Defendant's purchase of

27  Defendant's Display.

28

**RESPONSE TO REQUEST NO. 7:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 8:**

Produce all emails, letters, agreements or other documents that discuss or refer to Defendant's Display and Plaintiff's Patents, including, but not limited to, any letters or agreements by Defendant to, from, or with any manufacturer of Defendant's Display.

**RESPONSE TO REQUEST NO. 8:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or confidential information or trade secrets belonging to

1   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

2   without waiving, the foregoing objections and the General Objections:

3        Defendant will produce all responsive, non-privileged documents in its custody

4   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

5   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

6   Protective Order.

7   **REQUEST NO. 9:**

8        Produce all documents considered by any expert testifying witness in

9   formulating any opinions that may be used or relied upon in the Suit.

10  **RESPONSE TO REQUEST NO. 9:**

11       Defendant hereby incorporates each of his General Objections as if set forth

12  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

13  premature at this stage of the litigation; (ii) is overbroad and unduly burdensome;

14  (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure

15  by the attorney-client privilege and/or the attorney work-product doctrine, applicable

16  regulatory privileges or any other privilege or immunity; (v) seeks documents in which

17  parties or non-parties may have a legitimate right or expectation of privacy pursuant to

18  constitutional, statutory or case law; and (vi) seeks proprietary or confidential

19  information or trade secrets belonging to Defendant or third parties with whom

20  Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

21  objections and the General Objections:

22       Defendant will produce all responsive, non-privileged documents in its custody

23  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

24  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

25  Protective Order.

26  **REQUEST NO. 10:**

27       Produce all documents received by Defendant from any expert witness who may

28  testify or offer an opinion at trial regarding any aspect of the Suit.

**RESPONSE TO REQUEST NO. 10:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is premature at this stage of the litigation; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 11:**

Produce all documents that evidence the designer(s) of Defendant's Display.

**RESPONSE TO REQUEST NO. 11:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

1   Defendant will produce all responsive, non-privileged documents in its custody

2   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

3   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

4   Protective Order.

5   **REQUEST NO. 12:**

6   Produce all documents that discuss or refer to any U.S. Patents that any

7   manufacturer of Defendant's Display claims covers or relates to Defendant's Display.

8   **RESPONSE TO REQUEST NO. 12:**

9   Defendant hereby incorporates each of his General Objections as if set forth

10   verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

11   overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents

12   that are protected from disclosure by the attorney-client privilege and/or the attorney

13   work-product doctrine, applicable regulatory privileges or any other privilege or

14   immunity; (iv) seeks documents in which parties or non-parties may have a legitimate

15   right or expectation of privacy pursuant to constitutional, statutory or case law; and

16   (v) seeks proprietary or confidential information or trade secrets belonging to

17   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

18   without waiving, the foregoing objections and the General Objections:

19   Defendant will produce all responsive, non-privileged documents in its custody

20   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

21   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

22   Protective Order.

23   **REQUEST NO. 13:**

24   Produce all documents that discuss or refer to any relevant prior art that allegedly

25   relates to or covers Defendant's Display.  This request seeks all responsive documents

26   through time of trial regardless of date and is not intended to be limited by the Time Frame

27   set forth above.

28

**RESPONSE TO REQUEST NO. 13:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague and ambiguous; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 14:**

Produce all documents which identify or describe the revenues received by Defendant from Defendant's "FutureSex/LoveShow" tour or any other use of Defendant's Display.

**RESPONSE TO REQUEST NO. 14:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome, (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case

1  law; and (vi) seeks proprietary or confidential information or trade secrets belonging to

2  Defendant or third parties with whom Defendant deals or has dealt.

3  **REQUEST NO. 15:**

4      Produce all documents which identify or evidence the number of

5  performances or other events at which Defendant's Display has been used.

6  **RESPONSE TO REQUEST NO. 15:**

7      Defendant hereby incorporates each of his General Objections as if set forth

8  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

9  overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents

10  that are protected from disclosure by the attorney-client privilege and/or the attorney

11  work-product doctrine, applicable regulatory privileges or any other privilege or

12  immunity; (iv) seeks documents in which parties or non-parties may have a legitimate

13  right or expectation of privacy pursuant to constitutional, statutory or case law; and

14  (v) seeks proprietary or confidential information or trade secrets belonging to

15  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

16  without waiving, the foregoing objections and the General Objections:

17      Defendant will produce all responsive, non-privileged documents in its custody

18  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

19  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

20  Protective Order.

21  **REQUEST NO. 16:**

22      Produce all documents received by or created by Defendant that refer to, or

23  depict images of, Defendant's Display.

24  **RESPONSE TO REQUEST NO. 16:**

25      Defendant hereby incorporates each of his General Objections as if set forth

26  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

27  documents that are protected from disclosure by the attorney-client privilege and/or the

28  attorney work-product doctrine, applicable regulatory privileges or any other privilege

or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 17:**

Produce all documents which discuss or refer to the marketing by Defendant of performances or other events utilizing Defendant's Display, including, but not limited to, advertising material, web pages, articles, press releases, agreements, brochures, and materials provided to employees, customers, fans, or the general public.

**RESPONSE TO REQUEST NO. 17:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) is not limited to a time period relevant the events material to this action; (vi) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (vii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.

**REQUEST NO. 18:**

Produce all documents constituting or evidencing (a) what Defendant alleges to be prior art, or (b) other information relevant to the enforceability, validity, infringement, or enforcement of the Plaintiff's Patents. This request seeks all responsive documents through time of trial regardless of date and is not intended to be limited by the Time Frame set forth above.

**RESPONSE TO REQUEST NO. 18:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 19:**

Produce all documents which relate or refer to the prosecution history of the Plaintiff's Patents.

**RESPONSE TO REQUEST NO. 19:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad and unduly burdensome; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine,

1  applicable regulatory privileges or any other privilege or immunity; (iii) seeks

2  documents in which parties or non-parties may have a legitimate right or expectation of

3  privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

4  confidential information or trade secrets belonging to Defendant or third parties with

5  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

6  objections and the General Objections:

7  　　Defendant will produce all responsive, non-privileged documents in its custody

8  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

9  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

10  Protective Order.

11  **REQUEST NO. 20:**

12  　　Produce all documents that describe how to operate, or the operation of,

13  Defendant's Display, including verbal or pictorial instructions.

14  **RESPONSE TO REQUEST NO. 20:**

15  　　Defendant hereby incorporates each of his General Objections as if set forth

16  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

17  documents that are protected from disclosure by the attorney-client privilege and/or the

18  attorney work-product doctrine, applicable regulatory privileges or any other privilege

19  or immunity; (ii) seeks documents in which parties or non-parties may have a

20  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

21  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

22  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

23  without waiving, the foregoing objections and the General Objections:

24  　　Defendant will produce all responsive, non-privileged documents in its custody

25  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

26  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

27  Protective Order.

28

1  **REQUEST NO. 21:**

2      Produce all documents that describe or depict the different parts of

3  Defendant's Display, including, but not limited to, any mechanical devices that

4  control Defendant's Display, any electronic equipment that controls Defendant's

5  Display, and the different pieces of Defendant's Display.

6  **RESPONSE TO REQUEST NO. 21:**

7      Defendant hereby incorporates each of his General Objections as if set forth

8  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

9  overbroad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks documents

10  that are protected from disclosure by the attorney-client privilege and/or the attorney

11  work-product doctrine, applicable regulatory privileges or any other privilege or

12  immunity; (iv) seeks documents in which parties or non-parties may have a legitimate

13  right or expectation of privacy pursuant to constitutional, statutory or case law; and

14  (v) seeks proprietary or confidential information or trade secrets belonging to

15  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

16  without waiving, the foregoing objections and the General Objections:

17      Defendant will produce all responsive, non-privileged documents in its custody

18  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

19  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

20  Protective Order.

21  **REQUEST NO. 22:**

22      Produce all documents which evidence or refer to any copyright, trademark,

23  or patent application or registration submitted to, tendered to, or obtained by or for

24  Defendant from the United States Copyright or the U.S. Patent and Trademark Office

25  for Defendant's Display, including, but not limited to, any copyright, trademark, or

26  patent application or registration assigned to Defendant.  This request seeks all responsive

27  documents through time of trial regardless of date and is not intended to be limited by the

28  Time Frame set forth above.

**RESPONSE TO REQUEST NO. 22:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 23:**

Produce all documents that identify, compare, contrast or evidence any differences or similarities between Plaintiff's Patent and Defendant's Display.

**RESPONSE TO REQUEST NO. 23:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague and ambiguous; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

1  Defendant will produce all responsive, non-privileged documents in its custody

2  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

3  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

4  Protective Order.

5  **REQUEST NO. 24:**

6  Produce all documents which evidence or refer to when Defendant became aware

7  of the existence of Plaintiff's Patents or any of the patent applications from which they

8  issued.

9  **RESPONSE TO REQUEST NO. 24:**

10  Defendant hereby incorporates each of his General Objections as if set forth

11  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

12  documents that are protected from disclosure by the attorney-client privilege and/or the

13  attorney work-product doctrine, applicable regulatory privileges or any other privilege

14  or immunity; (ii) seeks documents in which parties or non-parties may have a

15  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

16  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

17  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

18  without waiving, the foregoing objections and the General Objections:

19  Defendant will produce all responsive, non-privileged documents in its custody

20  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

21  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

22  Protective Order.

23  **REQUEST NO. 25:**

24  Produce all documents which evidence or refer to when Defendant became aware

25  of Plaintiff's inventions shown in the Plaintiff's Patents.

26  **RESPONSE TO REQUEST NO. 25:**

27  Defendant hereby incorporates each of his General Objections as if set forth

28  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

1   documents that are protected from disclosure by the attorney-client privilege and/or the

2   attorney work-product doctrine, applicable regulatory privileges or any other privilege

3   or immunity; (ii) seeks documents in which parties or non-parties may have a

4   legitimate right or expectation of privacy pursuant to constitutional, statutory or case

5   law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

6   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

7   without waiving, the foregoing objections and the General Objections:

8       Defendant will produce all responsive, non-privileged documents in its custody

9   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

10  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

11  Protective Order.

12  **REQUEST NO. 26:**

13      Produce all documents that demonstrate or evidence how concert tour revenue is

14  allocated or distributed to Defendant or any individuals, companies, or entities related

15  to Defendant, including, but not limited to, any financial documents and summaries

16  that would demonstrate such allocations or distributions.

17  **RESPONSE TO REQUEST NO. 26:**

18      Defendant hereby incorporates each of his General Objections as if set forth

19  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not

20  reasonably calculated to lead to the discovery of admissible evidence in this action;

21  (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks

22  documents that are protected from disclosure by the attorney-client privilege and/or the

23  attorney work-product doctrine, applicable regulatory privileges or any other privilege

24  or immunity; (v) is not limited to a time period relevant to the events material to this

25  action; (vi) seeks documents in which parties or non-parties may have a legitimate

26  right or expectation of privacy pursuant to constitutional, statutory or case law; and

27  (vii) seeks proprietary or confidential information or trade secrets belonging to

28  Defendant or third parties with whom Defendant deals or has dealt.

**REQUEST NO. 27:**

Produce all documents evidencing or referring to any advertising revenue received by Defendant or any individual, company, or entity related to Defendant for Defendant's "FutureSex/LoveShow"Tour.

**RESPONSE TO REQUEST NO. 27:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (vi) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.

**REQUEST NO. 28:**

Produce all documents that evidence or refer to any inquiry or question received by Defendant as to whether Defendant's Display was manufactured, produced, distributed, sponsored, approved, licensed or sold by Plaintiff.

**RESPONSE TO REQUEST NO. 28:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

1  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

2  without waiving, the foregoing objections and the General Objections:

3          Defendant will produce all responsive, non-privileged documents in its custody

4  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

5  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

6  Protective Order.

7  **REQUEST NO. 29:**

8          Produce all documents that evidence or refer to any attempts by Defendant or a

9  third party to design around the Plaintiff's Patents.

10 **RESPONSE TO REQUEST NO. 29:**

11         Defendant hereby incorporates each of his General Objections as if set forth

12 verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is vague

13 and ambiguous; (ii) seeks documents that are protected from disclosure by the

14 attorney-client privilege and/or the attorney work-product doctrine, applicable

15 regulatory privileges or any other privilege or immunity; (iii) seeks documents in

16 which parties or non-parties may have a legitimate right or expectation of privacy

17 pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

18 confidential information or trade secrets belonging to Defendant or third parties with

19 whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

20 objections and the General Objections:

21         Defendant will produce all responsive, non-privileged documents in its custody

22 or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

23 Procedure 26 and 34, following the entry of an appropriate Confidentiality and

24 Protective Order.

25 **REQUEST NO. 30:**

26         Excluding the Suit, produce all documents which refer to any claims for patent

27 infringement that have been asserted against or on behalf of Defendant, including, but not

28

1   limited to, documents discussing or referencing opinions of counsel, litigation,

2   proposed litigation, or threatened litigation.

3   **RESPONSE TO REQUEST NO. 30:**

4       Defendant hereby incorporates each of his General Objections as if set forth

5   verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not

6   reasonably calculated to lead to the discovery of admissible evidence in this action;

7   (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks

8   documents that are protected from disclosure by the attorney-client privilege and/or the

9   attorney work-product doctrine, applicable regulatory privileges or any other privilege

10  or immunity; (v) is not limited to a time period relevant the events material to this

11  action; (vi) seeks documents in which parties or non-parties may have a legitimate

12  right or expectation of privacy pursuant to constitutional, statutory or case law; and

13  (vii) seeks proprietary or confidential information or trade secrets belonging to

14  Defendant or third parties with whom Defendant deals or has dealt.

15  **REQUEST NO. 31:**

16      Produce any agreement(s) or drafts of agreements between Defendant and any

17  third party, which provides for the assumption of any defense on Defendant's behalf by

18  such third party, or which agrees to indemnify or hold Defendant harmless for any

19  claims made against Defendant by Plaintiff in this Suit.

20  **RESPONSE TO REQUEST NO. 31:**

21      Defendant hereby incorporates each of his General Objections as if set forth

22  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks

23  documents that are protected from disclosure by the attorney-client privilege and/or the

24  attorney work-product doctrine, applicable regulatory privileges or any other privilege

25  or immunity; (ii) seeks documents in which parties or non-parties may have a

26  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

27  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

28

1  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

2  without waiving, the foregoing objections and the General Objections:

3  Defendant will produce all responsive, non-privileged documents in its custody

4  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

5  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

6  Protective Order.

7  **REQUEST NO. 32:**

8  Produce all documents received from or sent to any third party manufacturers,

9  customers, ticket purchasers, fans, or any other third party, which relate to Plaintiff,

10  Plaintiff's inventions, Plaintiff's Patents, the Suit, or Defendant's Display.

11  **RESPONSE TO REQUEST NO. 32:**

12  Defendant hereby incorporates each of his General Objections as if set forth

13  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not

14  reasonably calculated to lead to the discovery of admissible evidence in this action;

15  (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks

16  documents that are protected from disclosure by the attorney-client privilege and/or the

17  attorney work-product doctrine, applicable regulatory privileges or any other privilege

18  or immunity; (v) seeks documents in which parties or non-parties may have a

19  legitimate right or expectation of privacy pursuant to constitutional, statutory or case

20  law; and (vi) seeks proprietary or confidential information or trade secrets belonging to

21  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

22  without waiving, the foregoing objections and the General Objections:

23  Defendant will produce all responsive, non-privileged documents in its custody

24  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

25  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

26  Protective Order.

27

28

**REQUEST NO. 33:**

Produce all documents that have been identified or referenced by Defendant in response to any interrogatory served on Defendant in this Suit.

**RESPONSE TO REQUEST NO. 33:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 34:**

Produce all documents, data compilations, software, test protocols/information/results, videos, sound recordings and tangible things that depict, discuss, or refer to Defendant's Display or Plaintiff's Patent.

**RESPONSE TO REQUEST NO. 34:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege

1    or immunity; (v) seeks documents in which parties or non-parties may have a

2    legitimate right or expectation of privacy pursuant to constitutional, statutory or case

3    law; and (vi) seeks proprietary or confidential information or trade secrets belonging to

4    Defendant or third parties with whom Defendant deals or has dealt.

5    **REQUEST NO. 35:**

6         Produce all documents that evidence or refer to the import, export, transport,

7    or purchase by Defendant of Defendant's Display or any components thereof,

8    including, but not limited to, bills of lading, correspondence to or from importing

9    agents, customs documents, orders, packing slips, product packaging, purchase orders,

10   receipts, software, photos, videos, or other records.

11   **RESPONSE TO REQUEST NO. 35:**

12        Defendant hereby incorporates each of his General Objections as if set forth

13   verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not

14   reasonably calculated to lead to the discovery of admissible evidence in this action;

15   (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks

16   documents that are protected from disclosure by the attorney-client privilege and/or the

17   attorney work-product doctrine, applicable regulatory privileges or any other privilege

18   or immunity; (v) seeks documents in which parties or non-parties may have a

19   legitimate right or expectation of privacy pursuant to constitutional, statutory or case

20   law; and (vi) seeks proprietary or confidential information or trade secrets belonging to

21   Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and

22   without waiving, the foregoing objections and the General Objections:

23        Defendant will produce all responsive, non-privileged documents in its custody

24   or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

25   Procedure 26 and 34, following the entry of an appropriate Confidentiality and

26   Protective Order.

27

28

**REQUEST NO. 36:**

Produce all documents that evidence or refer to any and all instances wherein Defendant, the manufacturer of Defendant's Display, or any third party has used any of the inventions disclosed in the Plaintiff's Patents as part of or in the operation of Defendant's Display.

**RESPONSE TO REQUEST NO. 36:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is not reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) is overbroad and unduly burdensome; (iii) is vague and ambiguous; (iv) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) is not limited to a time period relevant the events material to this action; (vi) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (vii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.

**REQUEST NO. 37:**

Produce all documents reviewed by any consulting expert whose opinions or work product have been reviewed by or relied upon by a testifying expert in this Suit.

**RESPONSE TO REQUEST NO. 37:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is premature at this stage of the litigation; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

1  confidential information or trade secrets belonging to Defendant or third parties with
2  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing
3  objections and the General Objections:
4      Defendant will produce all responsive, non-privileged documents in its custody
5  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil
6  Procedure 26 and 34, following the entry of an appropriate Confidentiality and
7  Protective Order.
8  **REQUEST NO. 38:**
9      Produce all documents that constitute the basis for Defendants' allegations, if any,
10  that there exists any prosecution history estoppel in the file history of the Plaintiff's
11  Patents.
12  **RESPONSE TO REQUEST NO. 38:**
13      Defendant hereby incorporates each of his General Objections as if set forth
14  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks
15  documents that are protected from disclosure by the attorney-client privilege and/or the
16  attorney work-product doctrine, applicable regulatory privileges or any other privilege
17  or immunity; (ii) seeks documents in which parties or non-parties may have a
18  legitimate right or expectation of privacy pursuant to constitutional, statutory or case
19  law; and (iii) seeks proprietary or confidential information or trade secrets belonging to
20  Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and
21  without waiving, the foregoing objections and the General Objections:
22      Defendant will produce all responsive, non-privileged documents in its custody
23  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil
24  Procedure 26 and 34, following the entry of an appropriate Confidentiality and
25  Protective Order.
26
27
28

**REQUEST NO. 39:**

Produce all documents, memos, letters, statements, writings and e-mails between or among employees or other representatives of the Defendant related to Plaintiff, Plaintiff's Patents, or Defendant's Display.

**RESPONSE TO REQUEST NO. 39:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad; (ii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 40:**

Produce all documents that refer to Plaintiff or Darrell Metcalf.

**RESPONSE TO REQUEST NO. 40:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) is overbroad; (ii) is vague and ambiguous; (iii) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) seeks documents in which parties or non-parties may have a legitimate right or expectation of

1  privacy pursuant to constitutional, statutory or case law; and (v) seeks proprietary or

2  confidential information or trade secrets belonging to Defendant or third parties with

3  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

4  objections and the General Objections:

5       Defendant will produce all responsive, non-privileged documents in its custody

6  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

7  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

8  Protective Order.

9  **REQUEST NO. 41:**

10       Produce all videotapes or other recordings of any use of Defendant's Display.

11  **RESPONSE TO REQUEST NO. 41:**

12       Defendant hereby incorporates each of his General Objections as if set forth

13  verbatim herein.  Defendant objects to this Request on the grounds that it: (i) is

14  overbroad and unduly burdensome; (ii) seeks documents that are protected from

15  disclosure by the attorney-client privilege and/or the attorney work-product doctrine,

16  applicable regulatory privileges or any other privilege or immunity; (iii) seeks

17  documents in which parties or non-parties may have a legitimate right or expectation of

18  privacy pursuant to constitutional, statutory or case law; and (iv) seeks proprietary or

19  confidential information or trade secrets belonging to Defendant or third parties with

20  whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing

21  objections and the General Objections:

22       Defendant will produce all responsive, non-privileged documents in its custody

23  or control sufficient to satisfy this Request pursuant to Federal Rules of Civil

24  Procedure 26 and 34, following the entry of an appropriate Confidentiality and

25  Protective Order.

26  **REQUEST NO. 42:**

27       Produce all documents that evidence or refer to the testing of Defendant's Display

28  or Plaintiff's Patent.

**RESPONSE TO REQUEST NO. 42:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt. Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 43:**

Produce all documents that identify, discuss, or refer to Defendant's procedures and/or policies for maintenance of documents and other discoverable materials by Defendant in the course of business, including, but not limited to, all documents related to storing e-mails, deleting and/or destroying e-mails, storing documents, and deleting and/or destroying documents.

**RESPONSE TO REQUEST NO. 43:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein. Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to

Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 44:**

Produce all documents which constitute communications (including emails, letters, faxes, text messages, etc.) between Defendant and any other defendant(s) in this Suit discussing or referring to Defendant's Display (or any component thereof), or Plaintiff's Patents.

**RESPONSE TO REQUEST NO. 44:**

Defendant hereby incorporates each of his General Objections as if set forth verbatim herein.  Defendant objects to this Request on the grounds that it: (i) seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) seeks documents in which parties or non-parties may have a legitimate right or expectation of privacy pursuant to constitutional, statutory or case law; and (iii) seeks proprietary or confidential information or trade secrets belonging to Defendant or third parties with whom Defendant deals or has dealt.  Subject to, and without waiving, the foregoing objections and the General Objections:

Defendant will produce all responsive, non-privileged documents in its custody or control sufficient to satisfy this Request pursuant to Federal Rules of Civil Procedure 26 and 34, following the entry of an appropriate Confidentiality and Protective Order.

**REQUEST NO. 45:**

Produce all email, letters and other documents which constitute communications (including emails, letters, faxes, text messages, etc.) between Defendant and Roadrage