CLOSED

1

2

3

4

5

6

7

8

9

10 UNITED STATES DISTRICT COURT

11 CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13 LARGE AUDIENCE DISPLAY SYSTEMS, LLC, | ) CASE NO.  CV 11-3398-R |
| 14 | ) |
| 15 Plaintiff, | ) ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES |
| 16 v. | ) |
| 17 TENNMAN PRODUCTIONS, LLC, et al., | ) |
| 18 Defendants. | ) |
| 19 | ) |

20    Before the Court is Defendants' Motion for Attorneys' Fees, Costs, and Expenses, which

21 was filed on June 30, 2015.  (Dkt. No. 223).  Having been thoroughly briefed by both parties, this

22 Court took the matter under submission on August 11, 2015.  (Dkt. No. 245).

23    A court may award attorneys' fees to a prevailing party in a patent dispute "in exceptional

24 cases."  Title 35 U.S.C. § 285.  A prevailing party establishes its right for consideration of

25 entitlement to an award of attorneys' fees in an exceptional case by a preponderance of the

26 evidence.  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1758 (2014)

27 ("*Octane*").

28    The Supreme Court recently explained that "an 'exceptional' case is simply one that stands

out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. This is a departure from the Federal Circuit's earlier "rigid and mechanical formulation" of the test for what constitutes an exceptional case. *Id.* at 1754 (discussing *Brooks Furniture Mfg. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005)).

A district court makes a determination of whether a case is exceptional "in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 1756 (footnote omitted). Factors that a district court may consider include, but are not limited to, "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Such a determination lies squarely within a district court's discretion. *See Highmark v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 ("For reasons we explain in *Octane*, the determination whether a case is 'exceptional' under § 285 is a matter of discretion.") It is properly within a district court's discretion because "the district court 'is better positioned' to decide whether a case is exceptional." *Id.* (quoting, in part, *Pierce v. Underwood*, 487 U.S. 552, 559-60 (1987)).

The Ninth Circuit requires that attorney fees be awarded by first calculating the "Lodestar." *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000). The "Lodestar" is determined by multiplying the number of hours reasonably expended by the prevailing party on the litigation by the reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The reasonable hourly rate is determined by the prevailing market rate in the community for comparable services. *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). After the Lodestar is computed, the court must assess whether additional considerations require adjusting the figure. *Morales, supra*, 96 F.3d at 363-364. A strong presumption exists that the Lodestar is a representation of a reasonable fee. *G&G Fire Sprinklers, Inc. v. Bradshaw*, 136 F.3d 587, 600 (9th Cir. 1998), *vacated on other grounds*, 526 U.S. 1061 (1999).

Under this approach, the court calculates a "lodestar" figure by "multiplying the number of

2

hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citation omitted); *see also Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). The lodestar figure is presumptively reasonable. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). In certain circumstances, a court may also adjust the award upward beyond the lodestar to take into account special factors. *Blum*, 465 U.S. at 897.

The instant case is sufficiently extraordinary to warrant an award of attorneys' fees, costs, and expenses. Plaintiff, an apparent shell corporation, seems to have been formed with the sole intent to create jurisdiction in another district. In light of the terms' use in the patent itself, the definitions Plaintiff proffered to the United States Patent & Trademark Office ("USPTO") seem disingenuous at the very least.

It also seems that Plaintiffs further prolonged the reexamination process, and consequently this litigation, by refusing to present the USPTO with additional prior art that, eventually, was dispositive of the claims at issue in this case. Ultimately, every one of Plaintiff's asserted patent claims were held invalid. Unperturbed, Plaintiff sought to reopen the underlying litigation to engage in discovery to attempt to assert additional claims, despite having had multiple previous opportunities to assert such claims.

Finally, in its most recent opposition to the instant motion, Plaintiff violated clear, important canons of professionalism in proffering clearly privileged information in support of its argument to mitigate or minimize its liability for attorneys' fees. In offering what was clearly an inadvertently sent attorney-client privileged communication, Plaintiff underscored the types of actions it has taken in this case.

Having now endured six years, it is clear that Plaintiff was the driving force behind keeping this litigation and reexamination process alive. Plaintiff's litigation tactics have cost both Defendants and this Court to expend time and resources regarding the resolution of what appears to have been a frivolous claim. Defendants are entitled to fees for defending the entirety of this action.

Defendants seek a total award of $755,925.86, comprised of $733,414.34 in attorneys' fees and $22,511.52 in costs and expenses. A review of the submitted attorneys' fees and costs and

3

1    supporting evidence therefor demonstrates that they are reasonable.  These totals are in accord

2    with the costs of defending a patent infringement suit as they are lower than the average cost to

3    defend against patent infringement suits in which as little as less than $1 million is at stake,

4    according to a 2013 Report of the Economic Survey.  (*See* Dkt. No. 224-25).  Such attorneys' fees

5    are also reasonable given the six year period over which they were accrued and in light of the

6    voracious and frivolous litigation of this case.  Defendants are entitled to an award of all their

7    sought attorneys' fees, costs, and expenses.

8         **IT IS HEREBY ORDERED** Defendants' Motion for Attorneys' Fees, Costs, and

9    Expenses in the total amount of $755,925.86, is GRANTED.  (Dkt. No. 223).

10   Dated: August 18, 2015.

13                                   _____

                                     MANUEL L. REAL
14                                   UNITED STATES DISTRICT JUDGE

4